J. S06042/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EBONIE WALKER, | : | |
| | : | |
| Appellant | : | No. 1513 EDA 2014 |

Appeal from the Judgment of Sentence April 17, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0001510-2007
CP-51-CR-0006524-2011

BEFORE: BENDER, P.J.E., LAZARUS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                 **FILED JANUARY 30, 2015**

Appellant, Ebonie Walker, appeals from the judgment of sentence imposed after the Philadelphia County Court of Common Pleas revoked her probation in two cases and discharged her from Mental Health Court. She asserts the aggregate violation of probation (VOP) sentence of two-and-a-half to five years' imprisonment was manifestly excessive. We affirm.

On March 26, 2007, Appellant was sentenced to a ten-year probationary term in CR-0001510-2007, after she pleaded guilty to one count of robbery. That probationary term was revoked after Appellant, in CR-0006524-2011, pleaded guilty to a second robbery. The trial court, on

---

[*] Former Justice specially assigned to the Superior Court.

September 29, 2011, sentenced Appellant to an aggregate six to twenty-three months' imprisonment followed by three years' probation for the probation violation in CR-0001510-2007 and the new conviction in CR-0006524-2011. Appellant was accepted into Mental Health Court, but was sanctioned for failing three drug screens between April and August of 2013. Her probation was again revoked after she failed to report to her probation officer and did not appear for a hearing in October of 2013. On December 12, 2013, the trial court imposed aggregate VOP sentences of eleven-and-a-half to twenty-three months' imprisonment followed by five years' probation.

On December 23, 2013, the trial court paroled Appellant to Eagleville Hospital, where she remained until an anticipated discharge to Fresh Start on February 17, 2014. However, following an interview, Fresh Start denied her placement at their recovery home. Appellant was taken into custody the following day for noncompliance with treatment. The trial court, on April 17, 2014, found Appellant was in "technical violation" of her probation. That same day, the court imposed the instant concurrent sentences of two-and-a-half to five years' imprisonment on the underlying robbery convictions and terminated her from Mental Health Court. This timely appeal followed.

Appellant presently claims the trial court imposed a "manifestly excessive" VOP sentence. Appellant's Brief at 3. She argues the court's "failure to consider [her] individualized circumstances and rehabilitative needs demonstrates that the lower court abused its discretion and must be

reversed." *Id.* at 15. According to Appellant, the present VOP sentences related only to the technical violations that occurred during treatment at Eagleville and the interview for placement at Fresh Start. *Id.* at 12-14. She contends the "gravity of her offenses, that is, her poor attitude during treatment and her uncooperative responses during an interview [for placement following discharge], did not rise to the extreme level of infractions requiring a lengthy sentence." *Id.* at 14. Furthermore, she suggests that her "compliance with the terms of probation outweighed the violations she incurred." *Id.* No relief is due.

At the outset, we note Appellant has preserved her challenge to the discretionary aspects of sentence by timely filing a motion to modify her sentence and a notice of appeal, and setting forth her claim in a timely Pa.R.A.P. 1925(b) statement. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*). Moreover, Appellant has complied with the procedural requirement to include in her brief a Pa.R.A.P. 2119(f) statement of reasons for allowance of appeal. *See id.*

We next consider whether Appellant's Pa.R.A.P. 2119(f) statement raises a substantial question.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question [exists] only when the [defendant] advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted), *appeal denied*, 77 A.3d 1258 (Pa. 2013).

Instantly, according to Appellant's Pa.R.A.P. 2119(f) statement, the trial court "imposed a sentence that was grossly disproportionate to [her] violations, which were technical in nature, and the court gave little consideration to [her] mental health." Appellant's Brief, at 9. Appellant's contention that the sentence was grossly disproportionate to the technical violation presents a substantial question. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa. Super. 2006); *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000). Her remaining argument that the court inadequately weighed her mental health issues generally does not raise a substantial question. *See Commonwealth v. Matroni*, 923 A.2d 444, 455 (Pa. Super. 2007). Nevertheless, we will address the merits of Appellant's claim that the sentence was manifestly excessive in light of the totality of the circumstances.

Our standard of review is well settled.

> [S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

*Malovich*, 903 A.2d at 1252-53 (citations omitted).

> Section 9721(b) constrains a sentencing court's discretion in that it requires that any sentence imposed be "**consistent with** the protection of the public, the gravity

- 4 -

> of the offense[,] . . . and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b) (emphasis added). A sentence that disproportionally punishes a defendant in excess of what is necessary to achieve consistency with the section 9721(b) factors violates the express terms of 42 Pa.C.S. § 9721(b), as would a sentence that is disproportionately lenient. Certainly consistency with section 9721(b) factors does not require strict proportionality in sentencing, and the non-quantifiable nature of the factors considered would not permit such a rule in any event. However, a sentence that is clearly and excessively disproportionate is, by definition, inconsistent with "the protection of the public, the gravity of the offense [,] ... and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

***Commonwealth v. Williams***, 69 A.3d 735, 742 (Pa. Super. 2013), *appeal denied*, 83 A.3d 415 (Pa. 2014).

Following our review, we discern no basis upon which to conclude that the trial court abused its discretion or that the instant total sentence of two-and-a-half to five years' imprisonment was manifestly excessive. We emphasize that the trial court found that Appellant failed to remain in treatment as required by the terms of her probation. The court's finding was supported by undisputed reports that Appellant sabotaged the interview for placement at Fresh Start and stated she would rather go to jail than go to a recovery house. Moreover, the trial court, when fashioning its sentence, was entitled to consider Appellant's entire history under supervision. In light of the present record, the court's determinations, namely that Appellant's conduct and history under supervision evinced lack of rehabilitative potential, the potential for reoffending, and a need to protect the public,

were not manifestly unreasonable. Accordingly, we affirm the sentence imposed by the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2015