J-S49017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRUCE  ANDERSON | |
| Appellant | No. 2932 EDA 2013 |

Appeal from the Judgment of Sentence August 22, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011765-2011

BEFORE:  OLSON, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 05, 2015**

Bruce Anderson appeals from the judgment of sentence imposed on August 22, 2013, in the Court of Common Pleas of Philadelphia County, following the revocation of his probation.  Anderson contends the court's imposition of an aggregate term of 2½ to 5 years' imprisonment for technical violations of probation was excessive and unreasonable.  Based upon the following, we affirm.

We adopt the facts set forth in the trial court's opinion.  **See** Trial Court Opinion, 2/27/2014, at 1–3.  We note that Anderson was arrested on February 27, 2010 and, on July 19, 2012,[1] entered into a negotiated plea to

_____

[1] Between Anderson's arrest and his plea, he was initially found to be incompetent, and then found to be competent, but in need of treatment.

simple assault, unlawful restraint/serious bodily injury, and recklessly endangering another person,[2] in exchange for a sentence of 11½ to 23 months' imprisonment, followed by four years' probation supervised by the mental health unit through Mental Health Court.[3,4] On May 16, 2013, following a hearing, Anderson was found in technical violation of his probation and sentenced as stated above.

Anderson argues that the trial court abused its discretion in sentencing him to 2½ to 5 years of incarceration. As such, Anderson is challenging the discretionary aspects of his revocation sentence. Preliminarily, we note:

> [A] challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781.
>
> > Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of

---

[2] *See* 18 Pa.C.S. §§ 2701(a), 2902(a)(1), and 2705, respectively. Additional charges of criminal attempt—rape/forcible compulsion, 18 Pa.C.S. § 901, indecent exposure, 18 Pa.C.S. § 3127(a), false imprisonment, 18 Pa.C.S. § 2903(a), and open lewdness, 18 Pa.C.S. § 5901, were *nol prossed*.

[3] Anderson was released from custody on July 31, 2012. *See* Anderson's Brief at 5.

[4] "Participants in the Mental Health Court are closely monitored by the Court through regularly scheduled status hearings." Trial Court Opinion, 2/27/2014, at 2 n.2. "Mental Health [Court] employs a system of graduated sanctions beginning with increased court supervision with frequent court appearances, and becoming more restrictive if needed." *Id.* at 2 n.3.

appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, __ A.3d ___, ___ [2014 PA Super 242 at *19–*20] (Pa. Super. 2014) (citations omitted).

Here, Anderson preserved his claim in a timely petition to vacate and reconsider sentence, filed within 10 days of sentencing, and a timely appeal, filed within 30 days of the sentence.[5]  *See* Pa.R.Crim.P. 708(E).  Anderson has also included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f).  *See* Anderson's Brief at 9–12.

Anderson maintains that this case presents a substantial question because the court sentenced him without carefully considering all the relevant sentencing factors set forth in 42 Pa.C.S. § 9721(b).  *See id.* at 10–11.  Specifically, Anderson asserts that the court "failed to address [his] rehabilitative needs by disregarding his mental health issues and the fact that his mental health treatment programs were in agreement to continue

_____

[5] Anderson also complied with the court's order to file a Pa.R.A.P. 1925(b) statement.

working with him under more stringent parameters." *Id.* at 10. Anderson also asserts that this case presents a substantial question because none of the criteria of 42 Pa.C.S. § 9771 — providing that "[t]he court shall not impose a sentence of total confinement upon revocation unless it finds that: (1) the defendant is convicted of another crime; or (2) his conduct indicates that it is likely that he will commit another offense; or (3) such a sentence is essential to vindicate the court's authority" — were satisfied. *See id.* at 11–12.

Upon review, we find Anderson's former claim that the court sentenced him without regard for Section 9721(b)'s sentencing factors fails to raise a substantial question. As the Pennsylvania Supreme Court has recently explained, "the revocation court is not cabined by Section 9721(b)'s requirement that 'the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.'" 42 Pa.C.S. § 9721. *Commonwealth v. Pasture*, ___ A.3d ___, ___ (Pa. December 29, 2014). *See also Commonwealth v. Reaves,* 923 A.2d 1119, 1129 (Pa. 2007); 204 Pa. Code. § 303.1(b) (Sentencing Guidelines do not apply to sentences imposed as result of revocation of probation).

However, we conclude Anderson's latter claim, that the court failed to comply with 42 Pa.C.S. § 9771(c), does present a substantial question. *See*

***Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa. Super. 2007) (finding claim that court imposed total confinement without considering or discussing the mandatory factors of 42 Pa.C.S. § 9771 presented a substantial question).

The principles that guide our review are well settled:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Simmons***, 2012 PA Super 262, 56 A.3d 1280, 1283-84 (Pa. Super. 2012).

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

***Commonwealth v. Mouzon***, 2003 PA Super 249, 828 A.2d 1126, 1128 (Pa. Super. 2003).

> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). "[U]pon revocation [of probation] ... the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." However, 42 Pa.C.S.A. § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:
>
> > (1)  the defendant has been convicted of another crime; or

> (2)    the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3)    such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

> "In addition, in all cases where the court resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant." ***Commonwealth v. Cartrette***, 2013 PA Super 325, 83 A.3d 1030, 1040-1041 (Pa. Super. 2013) (internal quotations omitted); 42 Pa.C.S. § 9721(b). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Crump***, 995 A.2d at 1282-1283.

***Colon, supra*** at ____ [2014 PA Super 242 at *19–*20].

In the present case, following a hearing, the trial court revoked Anderson's probation based upon technical violations, specifically, non-compliance with his treatment program at Joseph J. Peters Institute (JJPI), and with his treatment housing facility at Fisher Lane House. ***See*** N.T., 8/22/2013, at 19.

The court heard the testimony of Jessica Rojas, the JJPI case manager, who testified that Anderson had been placed on a behavior contract at JJPI, that his behavior had not improved, and that he also was on a behavior contract at Fisher's Lane. She further testified Anderson had served four

sanctions and one custody sanction,[6] and was about to be discharged. Rojas requested that the court revoke Anderson's probation. *See id.* at 2–4. Thereafter, Anderson's counsel informed the court that, after discussion, JJPI was willing to increase the level of Anderson's services, and that, two days earlier, Anderson had been prescribed a new medication to help with his sleep problem. *See id.* at 4–5. Ms. Smith,[7] testified she was willing to work with Anderson, and Anderson's social worker, Mary Ann Kuntz, testified that she had spoken to Ms. Rojas about increasing Anderson's days in the partial care program to five days a week. *See id.* at 6–8. Ms. Rojas confirmed that JJPI was willing to work with Anderson, but she also testified Anderson had struggled due to his "negative maladaptive behaviors," despite "many modifications and encouragements and prompts," and that he "opts to do certain things and show[s] lack of disregard [sic], which is what we get into

_____

[6] "[Anderson] was given three "jury box" sanctions, one of which had to be repeated because [Anderson] slept through the sanction period." Trial Court Opinion, 2/27/2014, at 2 (footnote omitted). "[Anderson] continued to struggle with compliance and on July 11, 2013, received a stronger sanction of a weekend in custody." *Id.* We note that "[a] 'jury box' sanction for non-compliance or inappropriate behavior requires the offender to spend a day in a jury box observing criminal proceedings." Commonwealth's Brief at 4 n.1.

[7] The transcript of the revocation/sentencing hearing reflects testimony by "Ms. Smith," who is not otherwise identified on the record at the hearing. Anderson's Petition to Vacate and Reconsider Sentence refers to "[Anderson's] Intensive Case Manager, Taeesha Smith from Community Treatment Team." Anderson's Petition to Vacate and Reconsider Sentence, ¶11.

problems with." *Id.* at 9. The court also heard from Anderson, who apologized for being argumentative and difficult at JJPI. *See id.* at 18.

The court revoked probation, stating:

> I do find you in technical violation of your probation and I am going to revoke it at this time because of not living up to the behavior contracts, not attending in the way that you should. JJPI came in with the intent of having you discharged today due to your behavior and lack of participation. And that is sufficient for finding you in violation. Additionally, your behavior contract at Fisher's Lane.
>
> You know, Mr. Anderson, as I look back over my file, it is getting very thick, you really have been given opportunities. You have been given more opportunities than most folks have been given in terms of you have jury box sanctions, you have custody sanctions. And [I] do think that oftentimes it is the same song, the same excuses with you. Can you do it? Probably. But have I given you every opportunity to show me that you can do it, I believe I have. And I do believe that based on your history, you have a prior record score of five, and I am looking at the misdemeanors that I have and I am going to go to sentencing today.

*Id.* at 19–20. The trial court then heard argument from Anderson's counsel and Commonwealth counsel, and Anderson exercised his right of allocution. Afterward, the court reiterated, "I think that every attempt has been made by this Court to address all of [Anderson's] issues on a lot of different levels," and sentenced Anderson to an aggregate term of 2½ to 5 years' incarceration.[8] *Id.* at 24.

---

[8] The court imposed a sentence of 2½ to 5 years' imprisonment on the unlawful restraint charge, and concurrent sentences of one to two years' imprisonment on the charges of simple assault and recklessly endangering another person. *See* N.T., 8/22/2013, at 24.

Based on our review, we find that the trial court properly justified its sentence on the record, and that the record supports the trial court's determination that, in light of Anderson's many opportunities to change his behavior, a sentence of imprisonment was essential to vindicate the authority of the court.  As the trial court aptly explained:

> [Anderson] was non-compliant with his program from May 16, 2013 until the revocation hearing on August 22, 2013.  Despite being given increasingly more severe sanctions for his lack of compliance, [Anderson] failed to change his behaviors. Therefore, the Court determined that it was necessary to impose a period of incarceration to vindicate its authority.

Trial Court Opinion, 2/27/2014, at 5.

Accordingly, we find no basis upon which to disturb the 2½ to 5 year sentence of imprisonment imposed upon Anderson following probation revocaton.[9]  Therefore, we affirm.

Judgment of sentence affirmed.

_____

[9] We note upon revocation, Anderson faced a potential sentence of 4½ to 9 years' imprisonment, in the event of consecutive sentences.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2015