J-S18009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MIKAEL COLES, | |
| Appellant | No. 2951 EDA 2013 |

Appeal from the Judgment of Sentence Entered August 14, 2013
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003759-2012

BEFORE:  BENDER, P.J.E., ALLEN, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED APRIL 30, 2015**

Appellant, Mikael Coles, appeals from the aggregate judgment of sentence of 13-26 years' incarceration following his guilty plea to charges of aggravated assault, robbery, burglary, and conspiracy.  Appellant presents a challenge to the discretionary aspects of his sentence.  After careful review, we affirm.

The trial court summarized the facts leading to Appellant's plea as follows:

> [A]ppellant and his masked confederates entered the Herod home through a basement window.  They located six (6) members of the family and herded them into an upstairs bathroom.  A seventh family member hid in a closet.
>
> Prior to forcing Jermaine Herod, one of the family members, into the bathroom, they asked him for the location of his safe.  In doing so, Jermaine Herod was kicked in the head.  He was then placed in the bathroom, and the Commonwealth alleges that [A]ppellant fired six (6) shots through the door

striking Jermaine Herod multiple times. [A]ppellant denied that he fired the weapon. However, a co-defendant implicated him in that act. The victim also believed [A]ppellant was responsible for both striking and shooting him. This Court[,] in imposing sentence, drew no conclusions regarding the shooter.

Jermaine Herod's injuries necessitated his hospitalization for approximately one (1) month. Bullets are still inside his body, and he still experiences pain and discomfort from his wounds. A victim impact statement was read by the Chief Deputy District Attorney at sentencing.

The motive behind the home invasion was a concert promotion that failed. Specifically, Jermaine Herod introduced [A]ppellant to a concert promoter, who was supposed to provide musicians. [A]ppellant allegedly provided the promoter with a deposit of $6,000, but the musicians failed to appear.

[A]ppellant, according to Jermaine Herod, was the only invader known to him. During the invasion, Jermaine Herod's tuition money, approximately $2,100, was stolen with his wallet. [A]ppellant indicated that he received $200 from the wallet, and the wallet was discarded. He was unsure what happened to the firearm, although the co-defendant indicated that [A]ppellant discarded a firearm in a river.

Trial Court Opinion, 10/2/14, at 3-4 (footnotes citing to the record omitted).

On May 6, 2013, pursuant to a plea agreement, Appellant entered a guilty plea to charges of aggravated assault, 18 Pa.C.S. § 2701(a)(1); Robbery, 18 Pa.C.S. § 3701(a)(1); Burglary, 18 Pa.C.S. § 3502(a); and conspiracy, 18 Pa.C.S. § 903. A presentence report was ordered. On August 14, 2013, the trial court sentenced Appellant to 72-144 months' (6-12 years') incarceration for aggravated assault, a consecutive term of 84-168 months' (7-14 years') incarceration for robbery, a concurrent term of 42-84 months' (3½-7 years') incarceration for burglary, a concurrent term of

54-108 months' (4½-9 years') incarceration for conspiracy, for an aggregate sentence of 156-312 months' (13-26 years') incarceration.

Appellant filed a timely motion for reconsideration of his sentence on August 21, 2013, which was denied by the trial court on September 19, 2013. Appellant then filed a timely notice of appeal on October 18, 2013. Appellant now presents the following question for our review:

> Whether the court erred by not properly considering or giving appropriate weight to the mitigating factors in this case and in crafting an unreasonable sentence[?]

Appellant's Brief, at 6.

Appellant asserts that the trial court failed to give adequate consideration to the fact that he "accepted his role in being involved in these criminal acts and pleaded guilty[,]" and that he "went beyond the mere resolution of the case by providing to law enforcement information regarding a Brinks robbery and also expressed a willingness to testify against his co-defendants in this case." *Id.* at 10. Thus, Appellant contends that the trial failed to consider or otherwise afforded inadequate weight to these mitigating factors, rendering his sentence an unreasonable exercise of the court's discretion.

Our standard of review of discretionary aspects of sentencing claims is well-settled:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra**, **supra** at 912-13.
>
> As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. **Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. **Id.**

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010).

Here, Appellant filed a timely appeal and preserved his claim in a timely post-sentence motion. He also provided this Court with a Pa.R.A.P. 2119(f) statement in his brief. Appellant's Brief, at 5. However, the Commonwealth argues that Appellant fails to present a substantial question for our review. We agree.

In Appellant's 2119(f) statement, he claims that he is raising a substantial question because:

[T]he [trial] court's reasons for the sentence imposed, especially the consecutive aspect of one count, do not justify the sentence imposed because … [A]ppellant not only pleaded guilty and therefore accept[ed] responsibility, but was also willing to and in fact cooperated with law enforcement and the crimes were all committed in a single criminal episode.

Appellant's Brief, at 5.

However, "[a] claim that a sentencing court failed to consider certain mitigating factors does not raise a substantial question that the sentence is inappropriate." *Commonwealth v. Lewis*, 911 A.2d 558, 567 (Pa. Super. 2006). In *Lewis*, the appellant argued that the trial court failed to consider, *inter alia*, "his overall acceptance of responsibility for the injuries caused to the victim." *Id.* The *Lewis* court held that such a claim did not present a substantial question for our review.

Moreover, this Court has also held that "[t]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Moury*, 992 A.2d at 171-72. Appellant's aggregate sentence of 13-26 years' incarceration, composed exclusively of standard range guideline sentences, was imposed for criminal conduct involving an armed home invasion, one that ultimately resulted in significant and serious injuries to the victim, Jermaine Herod, who was shot multiple

times by Appellant or one of his cohorts. Appellant's sentence does not appear on its face to be unduly harsh or extreme in light of these circumstances. Accordingly, we conclude that Appellant fails to present a substantial question for our review. Consequently, he is not entitled to relief on his discretionary aspects of sentencing claim.

Judgment of sentence **affirmed**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/2015