J-S21036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRELL DONERICK MATHEWS, | : | |
| | : | |
| Appellant | : | No. 1424 WDA 2016 |

Appeal from the Judgment of Sentence September 9, 2016
in the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000674-2015

BEFORE: LAZARUS, DUBOW, and STRASSBURGER*, JJ

MEMORANDUM BY STRASSBURGER, J.:                **FILED MAY 30, 2017**

Derrell Donerick Mathews (Appellant) appeals from the judgment of sentence imposed following his convictions for aggravated assault with a deadly weapon and simple assault. We affirm.

While an inmate at the Pennsylvania State Correctional Institution – Fayette, Appellant struck his cellmate in the head with a sock filled with rocks and, as a result, was charged with the aforementioned offenses, and was convicted following a jury trial on August 4, 2015. On that date, the trial court sentenced him to an aggregate term of three and one half to seven years of incarceration. Appellant timely filed a post-sentence motion for modification of sentence, which was denied on August 18, 2015. Appellant filed a timely appeal to this Court in which he raised three issues:

---

* Retired Senior Judge assigned to the Superior Court.

1. Did the Commonwealth fail to present sufficient evidence to disprove beyond a reasonable doubt that Appellant acted in self defense?

2. Did the trial court err in granting the Commonwealth's motion to amend the criminal information to add the charge of aggravated assault, 18 Pa.C.S.[] § 2702(a)(4) following jury selection and minutes before the trial began?

3. Did the sentencing court impose a harsh, severe, and manifestly unreasonable and excessive sentence in light of the circumstances surrounding the alleged incident?

*Commonwealth v. Mathews*, 153 A.3d 1119 (Pa. Super. 2016) (unpublished memorandum at 2-3).

On June 24, 2016, a panel of this Court affirmed Appellant's convictions, but vacated his judgment of sentence after finding that the trial court abused its discretion by sentencing Appellant inadvertently in the aggravated range after failing to apply properly the sentencing guidelines. *Id.* The case was remanded for resentencing.

On September 9, 2016, the trial court re-sentenced Appellant to an aggregate term of three and one half to seven years of incarceration. Appellant timely filed a post-sentence motion, which was denied by the court on September 20, 2016. This timely appeal followed. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

In this appeal, Appellant raises the following issues for our review.

1. Did the Commonwealth fail to present sufficient evidence to disprove beyond a reasonable doubt that Appellant acted in self[-]defense?

2. Did the trial court err in granting the Commonwealth's motion to amend the criminal information to add the charge of aggravated assault, 18 Pa.C.S.[] § 2702(a)(4) following jury selection and minutes before the trial began?

3. Did the sentencing court impose a harsh, severe, and manifestly unreasonable and excessive sentence considering the circumstances surrounding the incident?

Appellant's Brief at 8.

Appellant's first two issues are identical to those decided in the first appeal in this matter. Subject to exceptions not applicable here, under the doctrine of the law of the case, Appellant is not entitled to relitigate this Court's prior determination. *See Commonwealth v. Gacobano*, 65 A.3d 416, 420 (Pa. Super. 2013) ("[U]nder the doctrine of the law of the case, when an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the case, reverse its previous ruling[.]") (citation omitted). Accordingly, we will not consider Appellant's first two issues.

In his third issue, Appellant challenges the discretionary aspects of his sentence.

It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.

Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a

- 3 -

substantial question that the sentence is appropriate under the sentencing code…. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Disalvo*, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Appellant has satisfied the first three requirements: he timely filed a notice of appeal, he sought reconsideration of his sentence in a post-sentence motion, and he has included a Rule 2119(f) statement in his brief to this Court. We now consider whether he has raised a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

In his 2119(f) statement, Appellant advances three claims that he believes raise a substantial question. First he argues that his sentence, which fell into the standard range of the applicable guidelines and was ordered to run consecutively to an eight-to-16-year sentence Appellant is presently serving, is unreasonable and excessive "when considering

- 4 -

Appellant's rehabilitative needs." Appellant's Brief at 19. Appellant does not elaborate on what his rehabilitative needs are, nor does he contend that the court entirely failed to examine those needs. This amounts to a claim that the sentencing court failed to give as much weight as Appellant would have wished to mitigating factors. Such a claim does not present a substantial question for our review.[1] ***Disalvo***, 70 A.3d at 903 ("[A] claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." (citation and quotation marks omitted)).

Next, Appellant argues that the "imposition of a consecutive sentence is disproportionate to the alleged crime." Appellant's Brief at 19. This claim also does not present a substantial question. ***See Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013) ("Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to

---

[1] Although a sentencing court's failure to consider altogether the mitigating factors does present a substantial question, ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014), the sentencing court here had the benefit of a presentence investigation report and thus is presumed to have considered all relevant information. ***Commonwealth v. Boyer***, 856 A.2d 149, 154 (Pa. Super. 2004).

sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question.")[2]

Finally, Appellant argues that "the sentencing court failed to consider the general principles relating to sentencing as more fully set forth in 42 Pa.C.S. § 9721." Appellant's Brief at 19 (unnecessary capitalization omitted). Once more, this is a bald claim of excessiveness, which does not establish a substantial question. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006) (citing ***Commonwealth v. Mouzon***, 812 A.2d 626, 627 (Pa. 2002) ("Appellant must support his assertions by articulating the way in which the court's actions violated the sentencing code"). Accordingly, none of Appellant's claims warrants review by this Court. Thus, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/30/2017

_____

[2] Even if this claim had raised a substantial question consecutive sentences, like the one imposed here, may provide incentive to prisoners to refrain from violence while incarcerated.