**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Joseph James MALOVICH**
**III, Appellant.**

Superior Court of Pennsylvania.

Argued May 25, 2006.

Filed July 17, 2006.

Donald E. Speice, Hollidaysburg, for appellant.

Terrence E. Tomassetti, Richard A. Consiglio, Asst. Dist. Atty's, Hollidaysburg, for Com., appellee.

BEFORE: DEL SOLE, P.J.E., ORIE MELVIN and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 This appeal challenges the discretionary aspects of the sentence imposed following Appellant's probation revocation. We affirm the judgment of sentence.

¶ 2 Appellant was serving eighteen months' probation for theft by deception. (He had committed this crime by cashing a forged check for six hundred and fifty dollars.) When a probation officer went to Appellant's reported address to conduct a curfew check, he learned that Appellant no longer resided there. Four days later, the officer found Appellant. He was in possession of marijuana.

* Retired Senior Judge assigned to Superior Court.

¶ 3 The trial court revoked Appellant's probation, sentencing him to state incarceration of not less than eighteen months nor more than thirty-six months. This appeal follows.

¶ 4 Before we reach the merits of this case, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code. *Commonwealth v. Hyland,* 875 A.2d 1175, 1183 (Pa.Super.2005). The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. *Id.* Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. *Id.* Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case. *Id.*

### Timeliness

¶ 5 The court sentenced Appellant on August 22, 2005. On September 20, 2005, he appealed. Having been filed within thirty days of sentencing, this appeal is timely. Pa.R.Crim.P. 708(D).

### Preservation of Issues

¶ 6 In order to decide whether Appellant preserved his issues, we first need to determine just what those issues are. He makes three claims. First, Appellant asserts that the sentencing court did not state its reasons for the penalty which it

imposed. Second, he contends that the court's actions were inconsistent with a specific provision of the sentencing code, namely 42 Pa.C.S.A. § 9771(c). More precisely, he notes that this statute specifies the conditions under which a court may impose total confinement for a probation revocation. He then argues that the sentencing court gave no consideration to this statute. Third, Appellant alleges that the probation violations were minor, technical ones, thus rendering his particular sentence excessive and disproportionate to those violations.

¶ 7 Having determined what claims Appellant seeks to raise with respect to his sentence, we now decide whether he has preserved those three claims. To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. *Commonwealth v. Shugars*, 895 A.2d 1270, 1273, 1274 (Pa.Super.2006); *Hyland*, 875 A.2d at 1183. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal. *Commonwealth v. Evans*, 2006 PA Super 132, 10; Pa.R.A.P. 302(a).

¶ 8 No post-sentence motions were filed. We therefore look to the sentencing proceedings to see what issues, if any, were preserved. At the hearing, Appellant and his counsel both spoke to the court. They presented mitigating factors and arguments. However, neither Appellant nor his counsel argued that the court failed to state its reasons for sentence on the record. It would thus appear that this first issue was waived.

¶ 9 Likewise, neither Appellant nor counsel claimed that total confinement was improper or that the court had failed to consider the statutory factors relating to such confinement. In fact, counsel even suggested that county incarceration might be proper. Appellant himself claimed that a jail term of twelve to twenty-four months would be more appropriate than a sentence of eighteen to thirty-six months. These comments take issue with the length and/or location of the sentence but they concede that total confinement of some length, in some location (county or state), would be proper. This would appear to waive Appellant's arguments regarding total confinement.

¶ 10 In short, there were no objections regarding Appellant's first two claims, although those claims are now presented on appeal. Thus, at least at this juncture, we would be inclined to find that Appellant waived these two contentions.

¶ 11 It is arguable that, even if Appellant waived these two arguments, he may have preserved his third argument that the sentence was excessive or disproportionate. After the court announced the sentence, Appellant did specifically complain on the record that the incarceration time was too long in light of his record. Also, as we just mentioned, he proposed a term of twelve to twenty-four months and his counsel suggested county custody. Although these remarks do not use the particular terms "excessive" or "disproportionate," they plainly make the point that the state penalty of eighteen to thirty-six months is too harsh.

¶ 12 In any event, there is another concern that will obviate the need to decide whether Appellant preserved his claim concerning excessiveness and proportionality. In fact, this additional consideration will trump our earlier inclination to find waiver of Appellant's other two claims. In particular, it appears that the trial court failed to advise Appellant concerning his right to file post-sentence motions. Once sentenced, Appellant had the right to file such motions within ten days and/or to appeal within thirty days. *Commonwealth v. Parlante*, 823 A.2d 927, 929

(Pa.Super.2003); Pa.R.Crim.P. 708(D). The sentencing court was required to advise Appellant of these rights. Pa. R.Crim.P. 708(C)(3). The court did explain that Appellant had thirty days to appeal but did not tell him that he had ten days to file a motion for reconsideration of sentence.

¶ 13 Had the court properly instructed Appellant, he may well have filed an appropriate motion raising the same three arguments he presents here. If Appellant had done so, we would find that he had preserved those claims. Instead, pursuant to the court's limited statement of his appellate rights, Appellant filed only this direct appeal, enunciating his arguments herein.

¶ 14 We will not conclude that Appellant forwent the opportunity to raise issues via post-sentence motions when the sentencing court did not tell him he could file such motions. *See Commonwealth v. Anders,* 155 Pa.Cmwlth. 508, 625 A.2d 730, 733 (1993) (holding that appellant did not waive the right to file post-verdict motions where trial judge advised him of appeal rights but did not advise him of right to file motions). Given that Appellant was unaware of the need to preserve claims in a motion for reconsideration, we find that he has not waived those claims on appeal. *See also Commonwealth v. McCrosson,* 392 Pa.Super. 261, 572 A.2d 791 (1990) (holding that failure to file post-trial motions did not waive appellate issues where trial court did not advise appellant of the need to preserve issues by motion).

¶ 15 Moreover, we note that the Commonwealth has not argued waiver but, instead, has addressed Appellant's arguments. The Commonwealth's brief and the record give us ample opportunity for meaningful judicial review of these claims.

¶ 16 Based on the foregoing analysis, we believe the fair and correct course is to find no waiver.

### Concise Statement of Reasons for Allowance of Appeal

¶ 17 Appellant has included in his brief a statement of reasons for allowance of appeal. He has therefore met the third requirement for review of his sentence.

### Substantial Question

¶ 18 If Appellant's concise statement raises a substantial question that the sentence is inappropriate under the sentencing code, this Court will grant permission to appeal and we will then consider the merits of Appellant's arguments. *Commonwealth v. McAfee,* 849 A.2d 270, 274 (Pa.Super.2004).

¶ 19 We conduct a case-by-case analysis to determine what allegations constitute a substantial question. *Id.* In general, an appellant raises a substantial question by advancing a plausible claim that the sentencing court's actions were inconsistent with a specific provision of the sentencing code or were contrary to the fundamental norms underlying the sentencing process. *Id.*

¶ 20 This Court does not include or exclude an entire class of questions as being or not being substantial. *Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617, 626, 627 (2002). Instead, we evaluate each question to determine whether or not it is substantial in the particulars of its own case. *McAfee,* 849 A.2d at 274.

¶ 21 Of course, we do not accept bald assertions of sentencing errors. *Mouzon,* 812 A.2d at 627. Rather, Appellant must support his assertions by articulating the way in which the court's actions violated the sentencing code. *Id.*

¶ 22 If this Court grants appeal and reviews the sentence, the standard of review is clear: sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that

discretion. *McAfee*, 849 A.2d at 275. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. *Id.* It is more than just an error in judgment. *Id.*

¶ 23 We note that a sentencing court must state on the record its reasons for imposing sentence. *Id.*; 42 Pa.C.S.A. § 9721(b). "Nevertheless, a lengthy discourse on the trial court's sentencing philosophy is not required." *McAfee*, 849 A.2d at 275. Rather, the record as a whole must reflect the court's reasons and its meaningful consideration of the facts of the crime and the character of the offender. *Commonwealth v. Anderson*, 830 A.2d 1013, 1018, 1019 (Pa.Super.2003).

¶ 24 In the particular context of a sentence imposed for a probation violation, we also keep in mind that a term of total confinement is available if any of the following conditions exist: (1) the defendant is convicted of another crime; or (2) his conduct indicates that it is likely that he will commit another offense; or (3) such a sentence is essential to vindicate the court's authority. *McAfee*, 849 A.2d at 275; 42 Pa.C.S.A. § 9771(c).

¶ 25 Finally, claims that a penalty is excessive and/or disproportionate to the offense can raise substantial questions. *Parlante*, 823 A.2d at 929, 930. Even more to the point, a claim that a particular probation revocation sentence is excessive in light of its underlying technical violations can present a question that we should review. *Commonwealth v. Sierra*, 752 A.2d 910, 912, 913 (Pa.Super.2000).

¶ 26 Given the foregoing principles, does the concise statement of reasons for appeal raise a substantial question? We are satisfied that it does. It specifically claims the court: (1) did not state on the record any reasons for sentence; (2) im-posed total confinement without considering or discussing the mandatory factors of 42 Pa.C.S.A. § 9771; and (3) chose a sentence that was excessive and disproportionate to the underlying technical violations. We grant appeal and address the merits.

*Merits of Appellant's Claims*

¶ 27 Ultimately, although Appellant has particularized his substantial allegations that the sentencing court violated the sentencing code, the record does not support his claims. For example, contrary to Appellant's contention, the court did announce its numerous reasons for the sentence. Those stated reasons, which appear in the sentencing transcript, include the following. The court had afforded Appellant the opportunity to resolve his substance abuse problems in Drug Court, but he had failed to do so. The judge had "gotten to know" Appellant by virtue of his Drug Court participation. N.T., 8/22/05, at 5. Appellant had displayed a noticeable "attitude problem" toward the drug treatment personnel and the court. *Id.*

¶ 28 The sentencing court further explained that Appellant had two probation revocations even before the instant case. His relationships failed and he blamed others for his problems. The court believed that there might be mental health concerns which Appellant had not yet identified or resolved, including anger issues.

¶ 29 Appellant was not "willing to change." *Id.* at 6. He did not contact or otherwise avail himself of the assistance available through his case manager and probation officer, and he continued to use marijuana.

¶ 30 Consequently, the sentencing court determined that keeping Appellant in a local program was no longer appropriate. The court had already given Appellant the most intensive program available on a local level, and he had failed. Therefore, ac-

cording to the sentencing court, the more structured environment of state incarceration had become necessary. Clearly, the sentencing court articulated the grounds upon which it relied when determining the sentence.

¶ 31 We also disagree with Appellant's assertion that the record does not show a consideration of the sentencing factors under 42 Pa.C.S.A. § 9771(c). The transcript from the sentencing hearing shows that Appellant was found in possession of marijuana while on probation. Possessing marijuana is a crime. The record thus reveals not just that Appellant was likely to commit another offense, but also that he had in fact done so by illegally possessing a controlled substance.

¶ 32 The court's recitation of Appellant's unresolved anger and attitude problems, along with the fact of his prior probation violations, also support the conclusion that he was likely to commit another crime.

¶ 33 Additionally, the tenor of the transcript convinces us that the sentencing court believed state incarceration was necessary to vindicate the court's authority: Appellant had not complied with previous judicial efforts such as Drug Court, probation and prior revocations. He had not been "putting anything into" the court-imposed rehabilitation efforts. N.T., 8/22/05, at 8. It was important that Appellant begin "to appreciate the seriousness of the situation". *Id.* The foregoing comments by the court support total confinement under 42 Pa.C.S.A. § 9771(c). Appellant was not responding to the court's authority; incarceration was necessary.

¶ 34 We understand that the court did not quote from the statute in question or mention it by citation. However, the record as a whole reflects the court's reasons and its consideration of the code, the circumstances of the offense and the character of the offender. We are persuaded that the sentencing court considered the appropriate factors.

¶ 35 Appellant is also incorrect when he alleges that his sentence was excessive and disproportionate to his violations. The sentencing court was in the best position to evaluate Appellant's character and his defiance or indifference. *See Sierra,* 752 A.2d at 915. In light of the court's observations on Appellant's intractable attitude and behavior, we find no basis to conclude that the sentence was excessive or disproportionate.

¶ 36 At bottom, there is no proof that the sentencing court was motivated by partiality, prejudice, bias or ill will. The penalty is not manifestly unreasonable. There is no evidence that the court abused its discretion. Appellant's claims fail.

¶ 37 Judgment of sentence affirmed.

¶ 38 ORIE MELVIN, J. concurs in the result.