J-A02034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BENJAMIN MILES LONG | |
| Appellant | No. 70 MDA 2015 |

Appeal from the Judgment of Sentence entered November 14, 2014
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0005848-2013

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| BENJAMIN MILES LONG | |
| Appellee | No. 150 MDA 2015 |

Appeal from the Judgment of Sentence entered November 14, 2014
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0005848-2013

BEFORE:  PANELLA, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J:                    **FILED JUNE 20, 2016**

---

[*] Former Justice specially assigned to the Superior Court.

The Commonwealth and Defendant Benjamin Miles Long ("Long" or "Defendant") appeal from the judgment of sentence the Court of Common Pleas of York County entered November 14, 2014. The Commonwealth challenges the discretionary aspects of the sentence, alleging, in essence, the sentence is too lenient. Long challenges the sufficiency of the evidence supporting his aggravated assault conviction. Upon review, we affirm the judgment of sentence.

The trial court summarized the relevant background as follows:

On June 19, 2013, [Long] was involved in a car accident. Prior to the crash, [Long] was seen engaging in aggressive driving for several miles, consistent with someone experiencing road rage. [Long] was observed tailgating another vehicle at an unsafe distance almost hitting the vehicle several times. On one occasion, [Long] pulled his car along the vehicle and shined a flashlight at the driver.

When a vehicle two cars ahead of [Long]'s vehicle stopped to make a turn, [Long] swerved left and crossed the center line to avoid a rear end collision with the turning vehicle. As a result, [Long] hit an oncoming vehicle head-on. The driver of the oncoming vehicle suffered several major injuries. Notably, the two drivers between [Long] and the turning vehicle were able to stop and pull to the berm of the road to avoid hitting the turning car.

A jury trial was held from September 29 to October 1, 2014. The jury found [Long] guilty of [a]ggravated [a]ssault, [r]ecklessly [e]ndangering [a]nother [p]erson, and [c]areless [d]riving [c]ausing [s]erious bodily [i]njury. The [c]ourt additionally found [Long] guilty of [r]ecklessly [d]riving and [f]ollowing [t]oo [c]losely. On November 14, 2014, the [trial c]ourt sentenced [Long] [to 12 months minus 1 day to 24 months minus 2 days in the York County Prison on the aggravated assault conviction. This appeal followed].

Trial Court Opinion, 3/20/15, at 1-2 (citations and footnotes omitted).

As noted, the Commonwealth challenges the discretionary aspects of the sentence imposed. The Commonwealth argues the sentence is too lenient.

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, [appellant] must petition this Court, in [appellant's] concise statement of reasons, to grant consideration of [appellant's] appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Malovich***, 903 A.2d 1247, 1250 (Pa. Super. 2006) (citations omitted).

Relevant to our analysis is Pa.R.Crim.P. 721, which governs the Commonwealth's appeal. Section 721, in relevant part, provides:

> **(A) Commonwealth Challenges to Sentence**
>
> (1) The Commonwealth may challenge a sentence by filing a motion to modify sentence, by filing an appeal on a preserved issue, or by filing a motion to modify sentence followed by an appeal.
> (2) Sentencing issues raised by the Commonwealth at the sentencing proceeding shall be deemed preserved for appeal whether or not the Commonwealth elects to file a motion to modify sentence on those issues.
>
> **(B) Timing**

> (1) *Motion for Modification of Sentence.* A Commonwealth motion for modification of sentence shall be filed no later than 10 days after imposition of sentence.

Pa.R.Crim.P. 721(A)-(B)(1).

> Additionally,

> Under Rule 721, the Commonwealth's motion for modification of sentence is optional, as long as any discretionary sentencing issue is properly preserved at the time sentence was imposed. Before forgoing trial court review and proceeding with a direct appeal, the attorney for the Commonwealth must therefore be sure that the record created at the sentencing proceeding is adequate for appellate review of the issue, or the issue may be waived.

*Id.*, Comment (citation omitted).

A review of the record reveals the Commonwealth failed to timely and/or properly challenge the discretionary aspects of the sentence. Here, the record reveals that the trial court imposed the sentence at issue on November 14, 2014. A review of the transcript of the sentencing hearing reveals the Commonwealth did not object to or otherwise challenge the discretionary aspects of the sentence imposed.[1] Additionally, the record

---

[1] In its brief, the Commonwealth stated that it made an objection to the sentence at the time of sentencing. Commonwealth's Brief at 7 (citing to N.T. Sentencing, 11/14/14, at 21). There is no Commonwealth objection to the sentence that can be found on page 21 of the transcript or any objection made by the Commonwealth. The so-called objection is merely a comment made by the trial court, which cannot be read, by any stretch, as Commonwealth's objection to the sentence. The comment reads as follows: "The basis for this [c]ourt's determination, which I am certain will be appealed by the Commonwealth, is that [Long] does appear to be an individual who was a good candidate for rehabilitation and who honestly rues his poor choices on the day in question." N.T. Sentencing, 11/14/14, at 21.

shows that the Commonwealth filed its motion for modification of sentence on December 17, 2014, which was 33 days after the imposition of the sentence. The motion is, therefore, facially untimely. Because the Commonwealth failed to challenge the discretionary aspects of the sentence at the time of sentencing and failed to file a timely motion for modification of sentence, the Commonwealth waived its challenge to the discretionary aspects of the sentence. *See* Pa.R.Crim.P. 721.

Long, as noted, challenges the sufficiency of the evidence supporting the aggravated assault conviction. Long argues the Commonwealth did not present sufficient evidence to show he acted with the required *mens rea* (recklessness). Specifically, Long points out that the evidence shows that the accident at issue here was unavoidable, due to other drivers' fault. We disagree.

> We review a sufficiency claim pursuant to the following standard:
>
> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted).

A person is guilty of aggravated assault "if he attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). Where the Commonwealth's theory of the case for aggravated assault is based on defendant's recklessness, the Commonwealth must show that the assailant's recklessness rose to the level of malice. *Commonwealth v. Kling*, 731 A.2d 145, 147-48 (Pa. Super. 1999). Malice consists of a "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured." *Commonwealth v. Pigg*, 571 A.2d 438, 441 (Pa. Super. 1990). "Where malice is based on a reckless disregard of consequences, it is not sufficient to show mere recklessness; rather, it must be shown the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily injury." *Kling*, 731 A.2d at 148. Regarding malice in the context of automobile accidents, "a conviction based on malice is appropriate where evidence demonstrates the element of *sustained recklessness* by a driver in the face of an *obvious risk of harm* to his victims." *Id.* at 149 (emphasis in original) (discussing *Commonwealth v. Comer*, 716 A.2d 593 (Pa. 1998)).

The trial court first addressed the matter at the post-sentence motions hearing. In response to Long's argument, the trial court noted:

[The accident] was avoidable had he not been following so closely and engaging in the behavior that he was, in fact, engaging in[,] and the two vehicles in front of him were able to stop and they did not strike the vehicle in front of them. The Defendant was, at least arguably from the evidence, so close behind that he actually couldn't stop safely. He had to pull out in the opposite lane of travel, okay, presumably to avoid the collision with the vehicle in front of him, and I think with regard to all of the evidence that was presented at trial, he was certainly reckless in engaging in his conduct.

[Regarding malice], there was sufficient evidence elucidated at trial, you know, that the behavior he was engaging in – I mean, he was very aggressive. He was trying to intimidate the vehicle in front of him, and this was ongoing for a long period of time, and continuously engaging in that type of behavior, he was, you know, reckless, and so reckless, under the circumstances, that resulted in the serious injuries to the victim.

N.T. Post-Sentence Hearing, 12/26/14, at 7-8.

The driver of the vehicle being targeted by Long also provided other details of Long's "very aggressive," "intimidat[ing]" behavior. *Id.* She testified that Long kept slowing down and then going fast toward her car and getting so close to her car that she thought Long would hit her. N.T. Trial, 9/29-10/1/14, at 86-7. She also testified that Long would swerve to either side of her car, multiple times. *Id.* Finally, she testified that he shined a flashlight from his vehicle into the mirrors of her car for approximately 2 minutes,[2] the last two minutes just before the crash. *Id.* at 88-89.

---

[2] The accident took place around 10:30 p.m.

The whole ordeal lasted approximately 15-20 minutes, stretched for about 9 miles, during which Long repeatedly engaged in the aforementioned reckless conduct. *Id.* Eventually it ended with Long swerving into the opposite lane, and colliding head-on with a driver coming from the opposite direction, in an attempt to avoid a collision with the car right in front of him. Trial Court Opinion, 3/20/15, at 2 (citations omitted). The driver of the car Long hit suffered serious bodily injury, *id.*, and two cars,[3] in addition to Long's, were damaged as a result of the accident. N.T. Trial, 9/29-10/1/14, at 114-15.

The accident was not only foreseeable, it was also bound to happen, considering the length in time and space, and the number of times he took the chance in rear-ending the preceding car, or otherwise provoking an accident, as he did. A review of the facts and circumstances surrounding the accident, viewed in the light most favorable to the Commonwealth, reveals that Long engaged in sustained recklessness in the face of an obvious risk of harm to his victims. We conclude, therefore, Long's challenge to the sufficiency of the evidence is without merit.

Long cites a few cases where our Court found that a driver was not acting recklessly, pointing to the similarities of the instant case with those cases. To this end, Long notes that he was not impaired at the time of the

---

[3] In addition, Appellant's vehicle, after hitting the first vehicle, kept spinning and crashed into another vehicle.

accident, he was not speeding, and that he attempted to prevent the accident by slamming on the brakes just before the crash.

While he asks this Court to consider the totality of the circumstances in order to determine whether he acted recklessly, in his totality of the circumstances analysis, Long omits the evidence against him, points to absent evidence as evidence he did not commit the crime, and asks this Court to view the facts in the light most favorable to him, the losing party below. We decline to follow Long's approach.

In light of the foregoing, we conclude the evidence was sufficient to support Long's aggravated assault conviction.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2016