J-S42030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NEIL ANDREW NEIDIG | |
| Appellant | No. 1067 MDA 2016 |

Appeal from the Judgment of Sentence March 4, 2016
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0000295-2012
CP-49-CR-0000756-2011

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.:                    **FILED OCTOBER 31, 2017**

Neil Andrew Neidig appeals from the March 4, 2016 judgment of sentence entered in the Northampton County Court of Common Pleas following this Court's prior remand for resentencing pursuant to ***Alleyne v. United States***, 133 S.Ct. 2151 (2013).  We affirm.

This Court summarized the factual and procedural history of this matter in our prior memorandum, which we adopt and incorporate herein. ***See Commonwealth v. Neidig***, No. 2135 MDA 2012, unpublished mem. at 2-3 (Pa.Super. filed Feb. 3, 2015); ***see also*** Trial Ct. Op., 12/4/14, at 1.

Neidig's original sentence, imposed on October 16, 2012, included mandatory-minimum sentences for drug offenses occurring within a school zone under section 6317 of the Crimes Code, 18 Pa.C.S. § 6317.  On direct appeal, this Court vacated Neidig's judgment of sentence and remanded for

resentencing because the mandatory-minimum sentences were deemed unconstitutional in *Alleyne*.[1]

Following remand, on February 26, 2016, the trial court imposed an aggregate sentence of 14½ to 29 years' imprisonment. The trial court did not impose any mandatory-minimum sentences, but it did impose a school-zone enhancement, pursuant to the Sentencing Guidelines, to four of Neidig's convictions.

On March 7, 2016, Neidig timely filed a post-sentence motion, which the trial court granted in part and denied in part on March 26, 2016. The trial court granted Neidig's request for a recalculation of his credit for time served but denied the motion in all other respects. On June 23, 2016, Neidig timely appealed to this Court.[2]

Neidig presents one question for our review: "Did error occur where Mr. Neidig received a sentence no less punitive than that which he had received before, and included aggravation and school zone enhancement,

_____

[1] In *Alleyne*, the United States Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2155. The Pennsylvania Supreme Court has since held that section 6317 of the Crimes Code is constitutionally invalid under *Alleyne*. *See Commonwealth v. Hopkins*, 117 A.3d 247, 262-63 (Pa. 2015).

[2] On June 30, 2016, the trial court amended Neidig's sentence to give him credit for time served prior to resentencing, consistent with the court's March 26, 2016 order.

despite the fact that this case had been remanded by the Superior Court for resentencing?" Neidig's Br. at 26.

Neidig's claim regarding the application of the school-zone enhancement challenges the discretionary aspects of sentencing. An appeal from the discretionary aspects of sentencing is not guaranteed as a matter of right. *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa.Super. 2010). Before addressing such a challenge, we must first determine:

> (1) whether the appeal is timely; (2) whether [the] [a]ppellant preserved his [or her] issue; (3) whether [the] [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)); *see* Pa.R.A.P. 2119(f).

Here, Neidig filed a timely notice of appeal and included in his brief a concise statement of reasons for allowance of appeal under Rule 2119(f). However, Neidig failed to raise the school-zone enhancement issue either at the resentencing hearing or in his post-sentence motion.[3] Therefore, we

_____

[3] In fact, at the hearing, Neidig's counsel stated: "[T]he defense recognizes the caselaw [sic] subsequent to the *Alleyne* case in Pennsylvania says, yes, mandatory minimums are out. **We can use sentencing enhancements. Specifically school zone enhancements.**" N.T., 2/26/16, at 64 (emphasis added). Defense counsel's only argument with regard to the school-zone enhancement was that the Commonwealth failed

*(Footnote Continued Next Page)*

conclude that Neidig has waived his challenge to the trial court's application of the school-zone enhancement. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1043 (Pa.Super. 2013) (*en banc*) (finding particular sentencing claim waived because it was not included in appellant's post-sentence motion or raised at sentencing); *Commonwealth v. Kittrell*, 19 A.3d 532, 538 (Pa.Super. 2011) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (quotation omitted).

Because Neidig has waived his only claim on appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2017

*(Footnote Continued)* ————————————

to prove Neidig's age. *Id.* at 64-65. However, the defendant's age is irrelevant to the applicability of the school-zone enhancement in the Pennsylvania Code. *See* 204 Pa. Code §§ 303.10(b), 303.9(c).