J-S45040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID CHARLES BEAN | : | |
| | : | |
| Appellant | : | No. 1512 MDA 2017 |

Appeal from the Judgment of Sentence June 5, 2017
in the Court of Common Pleas of Lycoming County
Criminal Division at No.:  CP-41-CR-0002186-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID CHARLES BEAN | : | |
| | : | |
| Appellant | : | No. 1513 MDA 2017 |

Appeal from the Judgment of Sentence June 5, 2017
in the Court of Common Pleas of Lycoming County
Criminal Division at No.:  CP-41-CR-0001868-2014

BEFORE:   PANELLA, J., OTT, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 07, 2018**

In these consolidated cases, Appellant, David Charles Bean, appeals

from the judgment of sentence imposed following his jury conviction of eight

burglaries, and related crimes.  Specifically, Appellant challenges the denial of

_____

*   Retired Senior Judge assigned to the Superior Court.

his motion to suppress evidence, and the discretionary aspects of his sentence. We affirm.

The underlying facts of the case are not in dispute. The jury convicted Appellant of eight burglaries and one attempted burglary. The trial court imposed an aggregate sentence of not less than thirty-two years and three months, nor more than sixty-four years and six months of incarceration in a state correctional institution. (**See** N.T. Sentence, 6/05/17, at 12-17).

Of particular note for the first question on appeal, after his arrest Appellant offered to provide law enforcement with evidence of other burglaries, not committed by him. The suppression court provides a narrative of the district attorney's response:

> [Appellant] had written to the detective to offer information about other unrelated matters and was brought into the district attorney's office to be interviewed in that regard. After [Appellant] has a lengthy, supposedly private, discussion with his attorney, the detectives and the District Attorney enter the room and the District Attorney tells [Appellant] that in addition to taking the information he has to offer, the detectives will ask him about pending criminal charges because they need to establish his credibility. He is told that he must provide 100% cooperation but that the [District Attorney] is "not making [him] any promises in exchange" for the information provided, and that there is "no agreement as to how the pending cases are to be handled other than that I will take into account your level of cooperation". The District Attorney promises [Appellant] that "you will be better off for having cooperated with me than not, but other than that, I can't promise you anything". The only mention of a plea agreement is that there is none.

(Suppression Court Opinion and Order, 3/15/16, at 2) (footnote omitted).

Notwithstanding the narrowly limited nature of the District Attorney's commitment, Appellant, after conferring with counsel, elected to waive his *Miranda*[1] rights, and gave a statement to the county detectives, which incriminated him in four burglaries at issue in this case.

Appellant filed a pre-trial motion to suppress the statement he gave to the detectives about the burglaries. The suppression court denied the motion. The jury convicted Appellant of the crimes previously identified.

At the sentencing hearing, the court, with the benefit of a pre-sentence investigation report (PSI), noted Appellant's prior record score and that Appellant was a repeat felon (REFEL). (*See* N.T. Sentence, at 2). The sentencing court observed that Appellant had a life-long criminal record extending to his mid-forties, including many sentences which were served in their entirety. The court decided that Appellant was "totally incapable of any kind of rehabilitation." (*Id.* at 12). The sentencing court also found Appellant to be "totally without any remorse" and concluded that society needed to be protected from his continuing criminal activities. (*Id.*). Appellant filed a post-sentence motion claiming an excessive sentence, which the trial court denied (except for the grant of credit for time served). This timely appeal followed.[2]

_____

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] Counsel filed a statement of errors on October 6, 2017. The suppression court filed an opinion and order on March 15, 2016. The trial court filed an order denying a motion for reconsideration of sentence on August 16, 2017.

Appellant presents two questions for our review:

I. Did the trial court err by denying the Appellant's motion to suppress statements made to District Attorney Detectives when he was making a proffer in order to cooperate for a plea agreement?

II. Did the trial court abuse its discretion by sentencing the Appellant to an aggregate term of [not less than thirty-two] years and [three months] to [not more than sixty-four] years and [six] months for burglary offenses?

(Appellant's Brief, at 4).

Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous.

*Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010), *appeal denied*, 562 U.S. 832 (2010) (citation omitted). "It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." *Commonwealth v. Gallagher*, 896 A.2d 583, 585 (Pa. Super. 2006) (citation omitted). Moreover, our scope of review from a suppression ruling is limited to the evidentiary record that was

_____

The trial court filed a Rule 1925(a) opinion, referencing the pertinent preceding opinions, as the basis for its decisions. (*See* 1925(a) Statement of Trial Judge, 10/18/17). *See also* Pa.R.A.P. 1925.

created at the suppression hearing. *See In re L.J.*, 79 A.3d 1073, 1087 (Pa. 2013).

Here, Appellant first argues that his inculpatory statements were made in hopes of a plea agreement, and therefore admitted into evidence in violation of Pennsylvania Rule of Evidence 410(a)(4).[3] (*See* Appellant's Brief, at 9). We disagree.

On independent review, we conclude that the suppression court's factual findings are supported by the record and the legal conclusions drawn from those facts are correct. The plain meaning of the interaction between the district attorney, Appellant, and his counsel, as found by the suppression court, is that the district attorney was **not** willing to engage in plea discussions. Therefore, Rule 410 does not apply.

---

[3] In pertinent part, Rule 410 provides:

> **(a) Prohibited Uses.** In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:
>
> *    *    *
>
> (4) a statement made **during plea discussions** with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later withdrawn guilty plea.

Pa.R.E. 410(a)(4) (emphasis added).

That Appellant, who had the benefit of conferring with counsel, chose to cooperate anyway does not convert the district attorney's refusal to bargain into a plea discussion. As the trial court succinctly noted, "[t]he only mention of a plea agreement is that there is none." (Suppression Ct. Op. and Order, at 2).

> Of primary importance in assessing an accused's subjective expectation of negotiating a plea is whether the Commonwealth showed an interest in participating in such discussions. In line with this reasoning, voluntary, unsolicited statements uttered by an accused to authorities cannot be said to be made in furtherance of striking a plea bargain.

***Commonwealth v. Calloway***, 459 A.2d 795, 801 (Pa. Super. 1983).

Considering the totality of the circumstances, in particular the district attorney's personal appearance and express disclaimer of any interest in a plea bargain, we conclude that the suppression court properly found that there was no plea discussion and therefore no basis to exclude Appellant's voluntary, inculpatory statements. Appellant's argument does not merit relief.

In the second argument for his first claim, Appellant asserts that his waiver of **Miranda** rights was not knowing, intelligent and voluntary. (**See** Appellant's Brief, at 21-23). We disagree.

Preliminarily, we note that Appellant has failed to include this issue in his statement of errors. (**See** Concise Statement, 10/06/17, at 1-2). Accordingly, this claim is waived. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Moreover, the claim would not merit relief. The record leaves no doubt that Appellant had the benefit of counsel and conferred with him before signing a *Miranda* waiver. (*See* N.T. Suppression Hearing, 3/11/16, at 4).

"[W]hen a suspect waives his right to counsel after receiving warnings equivalent to those prescribed by *Miranda v. Arizona, supra,* that will generally suffice to establish a knowing and intelligent waiver of the Sixth Amendment right to counsel for purposes of post-indictment questioning." *Commonwealth v. Kuzmanko*, 709 A.2d 392, 397 (Pa. Super. 1998), *appeal denied*, 729 A.2d 1126 (Pa. 1998) (quoting *Michigan v. Harvey,* 494 U.S. 344, 349 (1990)).

Here, it bears emphasis that Appellant was never deprived of the opportunity to confer with counsel. To the contrary, he conferred with counsel and chose to speak with the detectives anyway. (*See* N.T. Suppression Hearing, at 4). Appellant's *Miranda* claim is waived. His first claim does not merit relief.

In his second question, Appellant challenges the discretionary aspects of his sentencing. (*See* Appellant's Brief, at 4). Appellant argues that the sentencing court abused its discretion by imposing a sentence which is manifestly excessive. (*See id.* at 24-26). We disagree.

"It is well-settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." *Commonwealth v.*

***Mastromino,*** 2 A.3d 581, 585 (Pa. Super. 2010), *appeal denied*, 14 A.3d 825

(Pa. 2011) (citation omitted).

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal*

*denied*, 860 A.2d 122 (Pa. 2004) (citations omitted). "Of course, we do not

accept bald assertions of sentencing errors. Rather, Appellant must support

his assertions by articulating the way in which the court's actions violated the

sentencing code." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa.

Super. 2006) (citation omitted).

Here, Appellant has included in his brief a Rule 2119(f) statement of

reasons for the allowance of an appeal of the discretionary aspects of his

sentence. (***See*** Appellant's Brief, at 8). However, he has failed to show

actions by the trial court inconsistent with the Sentencing Code or contrary to

the fundamental norms underlying the sentencing process.

Rather, Appellant makes a bald claim of excessiveness, citing his age (forty-four at sentencing), and concluding that the court imposed a "*de facto* [ ] life sentence." (*Id.*). He reaches the conclusion of a life sentence by combining the instant thirty-two year minimum sentence with a **separate** minimum sentence of eighteen years' imprisonment for rape and further sex offenses unrelated to these burglaries.

The fifty-year sentence is a function of Appellant's numerous crimes, not a defect in sentencing, a deviation from the fundamental norms underlying the sentencing process or a violation of the Sentencing Guidelines. We conclude that Appellant fails to present a substantial question. His excessive sentence claim does not merit review.[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/07/2018

---

[4] Moreover, we recognize that the sentencing court properly exercised its discretion in declining to afford Appellant a "volume discount." **Commonwealth v. Belsar**, 676 A.2d 632, 636 (Pa. 1996).