J. S66033/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SHAKEEM WILLIAMS, | : | No. 368 EDA 2019 |
| | : | |
| Appellant | : | |


Appeal from the Judgment of Sentence Entered January 7, 2019,
in the Court of Common Pleas of Lehigh County
Criminal Division at No. CP-39-CR-0002442-2018


BEFORE: STABILE, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED FEBRUARY 14, 2020**

Shakeem Williams appeals from the January 7, 2019 judgment of sentence entered in the Court of Common Pleas of Lehigh County following revocation of appellant's probation and resentencing appellant to one to two years' incarceration in a state correctional institution. We affirm.

The record reflects that on July 23, 2018, appellant pleaded guilty to one count of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance at trial court docket CP-39-CR-0002442-2018 ("CR-2442-2018").[1] The sentencing court imposed a sentence of 12 months' probation. On September 5, 2018, appellant's probation officer found appellant to be in possession of a small amount of marijuana and a

---

[1] 35 P.S. § 780-113(a)(30).

firearm. (Notes of testimony, 1/7/19 at 3-5.) On September 10, 2019, appellant was charged with violating his probation at CR-2442-2018 due to appellant's new arrest, for among other charges, possession of marijuana – small amount for personal use[2] and for having contact with a deadly weapon. ("Probation/Parole Intermediate Punishment Violation Warrant," 9/10/18.)

On January 7, 2019, the sentencing court conducted a ***Gagnon II*** hearing[3] where appellant admitted to violating his probation at CR-2442-2018. The sentencing court revoked appellant's probation at CR-2442-2018 and resentenced appellant to one to two year's incarceration in a state correctional institution.

On January 15, 2019, appellant filed a petition for reconsideration, which the sentencing court subsequently denied. Appellant filed a timely notice of appeal. The sentencing court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. On March 18, 2019, the sentencing court filed an Order stating that it was relying on the ***Gagnon II*** notes of testimony to satisfy the requirements of Rule 1925(a).

---

[2] 35 P.S. § 780-113(a)(31)(i).

[3] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973); ***see also Commonwealth v. Ferguson***, 761 A.2d 613 (Pa.Super. 2000) (explaining when parolee or probationer is detained pending revocation hearing, due process requires determination at pre-revocation hearing (***Gagnon I*** hearing) of probable cause to believe violation was committed, and upon finding of probable cause, second, more comprehensive hearing (***Gagnon II*** hearing) follows before trial court makes final revocation decision).

Appellant sets forth the following issue for our review: "Was the sentence imposed by the [sentencing] court manifestly excessive or otherwise unjustified based upon the lack of any proportional punishment based upon the nature of [appellant's] probation violation and need for rehabilitation?" (Appellant's brief at 8.) Appellant's claim presents a challenge to the discretionary aspect of appellant's sentence.

> A challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this [c]ourt's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 184 (Pa.Super. 2016) (footnote, quotation marks, and some citations omitted).

Here, the record reflects that appellant filed a timely notice of appeal, preserved his issue by filing a petition for reconsideration of sentence, and included a Rule 2119(f) statement in his brief. Therefore, we will examine whether appellant's claim raises a substantial question.

> [A] determination of what constitutes a substantial question must be evaluated on a case-by-case basis and such question exists only when an appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the

fundamental norms underlying the sentencing process.

***Bynum-Hamilton***, 135 A.3d at 184 (citation omitted).

Here, appellant's claim that the length of his sentence was excessively harsh and the sentence was unreasonably disproportionate to his probation violation raises a substantial question. (***See*** appellant's brief at 12; ***see also Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa.Super. 2006) (stating, "claims that a penalty is excessive and/or disproportionate to the offense can raise substantial questions").) Therefore, we proceed to consider the merits of appellant's discretionary sentencing claim.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa.Super. 2015), ***appeal denied***, 126 A.3d 1282 (Pa. 2015).

> Upon revoking one's probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that [appellant] has been convicted of another crime, his conduct indicates it is likely he will commit another crime if he is not imprisoned, or such a sentence is essential to vindicate the court's authority of the court. 42 Pa.C.S.A. § 9771(c).

***Bynum-Hamilton***, 135 A.3d at 184-185 (Pa.Super. 2016) (quotation marks, ellipsis, and some citations omitted). A sentencing court may commit a defendant to a state correctional institution or a county prison when the

maximum term of incarceration is two years or more. 42 Pa.C.S.A. § 9762(a)(2).

Here, appellant characterized his parole violations as "minor," "technical" violations and contends that while incarceration may be appropriate, a lesser sentence should have been imposed and he should have been incarcerated in the county prison, not the state correctional institution. (Appellant's brief at 17.) The record demonstrates, however, that appellant's probation violation was the result of, among other things, appellant's arrest for possession of marijuana – small amount for personal use. This new arrest is more than a minor, technical violation of his probation. The record also reveals that appellant was an admitted gang member. (Notes of testimony, 1/7/19 at 4.) When appellant's probation officer asked appellant if he was in possession of a gun, appellant stated "no" but a loaded gun was subsequently found in his bed. (*Id.* at 4-8.) Although appellant was aware he was not to possess a firearm while on probation at CR-2442-2018, appellant continued to possess a firearm. (*Id.*) Gun registration records did not reveal that appellant lawfully purchased the gun. (*Id.* at 4.) The sentencing court determined appellant was dangerous. (*Id.* at 8.) Furthermore, the sentencing court accepted the probation officer's recommendation that the local county prison was unable to supervise appellant at this point. (*Id.* at 5.)

Based upon our review of the record, we find no abuse of discretion on the part of the sentencing court in resentencing appellant to one to two years' incarceration in a state correctional institution.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/20