J-S60013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEONARD ANTHONY GREEN, III | : | |
| | : | |
| Appellant | : | No. 1426 MDA 2018 |

Appeal from the Judgment of Sentence Entered March 2, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004755-2014

BEFORE: SHOGAN, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SHOGAN, J.: **FILED FEBRUARY 18, 2020**

Appellant, Leonard Anthony Green, III, appeals from the judgment of sentence entered following his convictions of six counts of recklessly endangering another person ("REAP"), and one count each of carrying a firearm without a license, possession of a firearm by a minor, and third-degree murder.[1] We affirm.

On June 14, 2014, Appellant, who was fourteen years old, shot a firearm into a vehicle containing seven people. One of the victims died as a result of a gunshot wound. On January 11, 2017, Appellant pled guilty to the crimes stated above. On March 2, 2017, the trial court sentenced Appellant to serve

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2705, 6106(a)(1), 6110.1(a), and 2502(c), respectively.

an aggregate term of incarceration of twenty-two years and ten months to forty-seven years. On November 2, 2017, Appellant filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. On May 30, 2018, the PCRA court reinstated Appellant's post-sentence and appellate rights.

On June 11, 2018, Appellant filed a post-sentence motion in which he sought reconsideration and/or modification of his sentence. On August 2, 2018, the trial court held a hearing on the motion and denied Appellant's post-sentence motion. Appellant then filed this timely appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY NOT CONSIDERING OR GIVING PROPER WEIGHT TO MITIGATING FACTORS IN IMPOSING UPON THE APPELLANT AN AGGREGATE SENTENCE OF 22 YEARS 10 MONTHS TO 47 YEARS.

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of sentencing. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at

sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. *Id*.

Herein, the first three requirements of the four-part test are met. Appellant brought an appropriate appeal, raised the challenge in a post-sentence motion, and included in his appellate brief the necessary concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

In his Rule 2119(f) statement, Appellant argues that the trial court abused its discretion by failing to consider certain factors pertaining to his age and thus failed to fashion a sentence that appropriately addressed Appellant's

rehabilitative needs. Appellant's Brief at 8. This Court has found a substantial question exists where there is an allegation that the sentencing court failed to consider the factors set forth in 42 Pa.C.S. § 9721(b).[2] *See Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (concluding that the appellant raised a substantial question where it was alleged that the trial court failed to properly consider the factors set forth in 42 Pa.C.S. § 9721(b)). Therefore, Appellant has raised a substantial question. As such, we will review the merits of Appellant's sentencing claim. Nevertheless, we conclude that Appellant is entitled to no relief, as the record reveals that the court did consider Appellant's rehabilitative needs.

It is undisputed that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Fullin*, 892 A.2d at 847. In this context, an abuse of discretion is not shown merely by an error in judgment. *Id*. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Id*.

---

[2] We note that the factors to be considered under 42 Pa.C.S. § 9721(b) include the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006).

The sentencing judge has broad discretion in determining the proper penalty, and this Court accords the sentencing court great deference, as it is the sentencing court that is in the best position to view a defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime. ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted).[3]   As previously noted, when imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).  As we have stated, "[A] court is required

---

[3]  The ***Walls*** Court instructed the following:

> In making this "unreasonableness" inquiry, the General Assembly has set forth four factors that an appellate court is to consider:
>
> (d) Review of the record—In reviewing the record the appellate court shall have regard for:
>
>> (1) The nature of the circumstances of the offense and the history and characteristics of the defendant.
>>
>> (2) The opportunity of the sentencing court to observe the defendant, including any pre-sentence investigation.
>>
>> (3) The findings upon which the sentence was based.
>>
>> (4) The guidelines promulgated by the commission.
>
> 42 Pa.C.S.A. § 9781(d).

***Walls***, 926 A.2d at 963.

to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id***. In addition, "[o]ur Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citing ***Commonwealth v. Devers***, 546 A.2d 12 (Pa. 1988)).

Our review of the record reflects that, at the time of Appellant's sentencing, the trial court had received and reviewed a presentence report. N.T., 3/2/17, at 9-10, 25. The trial court also heard statements from Appellant's mother and his grandfather. ***Id***. at 10-17. The trial court then heard Appellant's allocution. ***Id***. at 17-20. Further, the trial court heard argument from Appellant's counsel. ***Id***. at 20-24. Immediately following Appellant's allocution and prior to announcing the judgment of sentence, the trial court gave a detailed account of Appellant's personal and criminal history, the instant crimes and their impact upon the community, and Appellant's rehabilitative needs. ***Id***. at 25-36.

The trial court further elaborated its reasoning for imposition of the specific sentence upon Appellant in its written opinion, as follows:

In this case [Appellant] murdered another young man for calling him a name. Notes of Testimony, 3/2/17 at 33). He killed him by firing his pistol twice, at close range, into a parked car that was crowded with six other young people. (*Id*).

[Appellant] raises issue with the [c]ourt considering the multiple write-ups [Appellant] received while incarcerated in the York County prison, but did not acknowledge on the record that [Appellant] received no write-ups from October 2016 to March 2, 2017. The [c]ourt acknowledged this period of time at the hearing on [Appellant's] post sentence motion (Notes of Testimony, 4/2/18 at 9), and found that a 5 month period of time in comparison to the rest of [Appellant's] lengthy span of misconduct was not a significant period of demonstrated rehabilitation so as to disturb his adjudged sentence. (N.T. at 11). In fact, this argument cuts two ways. While it is true that [Appellant] did not receive any prison write-ups for that 5 month period, it reveals that he is capable of controlling himself and behaving when he chooses to, but he in turn continues to choose to misbehave, which he has done frequently. [Appellant] committed this crime at the age of 14 and was incarcerated for over 2 years prior to his sentencing, and continued to display the same immaturity and aggressive behavior in jail he had exhibited prior to this offense. In comparison to the whole picture of [Appellant's] life, the [c]ourt considered this 5 month period as not significant as his multiple infractions over an extended period.

[Appellant] also argues that the [c]ourt did not give proper weight considering the principles outlined by the United States Supreme Court in *Miller v. Alabama*, 567 US 460 (2012).[1] However, *Miller v. Alabama* does not apply to the case at hand. *Miller v. Alabama* concerned sentences of life without the possibility of parole. Here, [Appellant] was not sentenced to life, but 22 years' 10 months' to 47 years'. Even so, the [c]ourt did take into consideration [Appellant's] youth and immaturity, and the well-recognized fact that young male brains continue to develop well into their 20's. (N.T. at 11). The [c]ourt during [Appellant's] sentencing thoroughly discussed its need to balance the rehabilitative needs of [Appellant] with the need for punishment and deterrence, all while taking into consideration [Appellant's] youth and immaturity. (Notes of Testimony, 3/2/17 at 31-32).

> ¹ In his Statement of Matters Complained, [Appellant] refers to a Supreme Court case "*United States v. Miller* (addressing juvenile life sentences)." The [c]ourt interprets this as a reference to *Miller v. Alabama*, the United States Supreme Court case that forbid mandatory life sentences without the possibility of parole for juvenile offenders.

> [Appellant] further argues that the [c]ourt erred in considering voluntary intoxication and diminished capacity an aggravating factor for [Appellant]. [Appellant] argues that given his age and decision making, the fact that he was under the influence of illegal drugs at the time of the incident should have in fact been a mitigating factor. However, much like the fact [Appellant] showed a small 5 month period of restraint while incarcerated, this argument cuts both ways. The fact that [Appellant] was intoxicated makes the disposition of the case appropriate as a third degree murder rather than a first degree. Yet, it was [Appellant's] conscious choice to take the drugs in his system. He was obviously aware that he had a loaded firearm on his person, and he compounded that danger by ingesting mind altering illegal substances. He created an inherently dangerous situation by consciously choosing to combine drugs with firearms and put those around him at risk by making this choice.

> [Appellant] has a natural inclination towards violence. During his life he has been presented many opportunities to reform his behavior, which he has continually rejected. In fact, while [Appellant] notes that he completed the Violence Prevention Program at the York County Prison, two days after he completed the program he assaulted another inmate. In light of [Appellant's] violent character and lack of rehabilitative potential, and in light of the overall effect and nature of the crime on society as well as the need to protect society, [Appellant's] sentence was not manifestly unreasonable.

Trial Court Opinion, 4/15/19, at 3-5.

We conclude that the reasons the trial judge offered for the sentence imposed were sufficient to conclude that the trial court properly considered all relevant factors in fashioning Appellant's sentence. Also, because the trial

court had been fully informed and relied upon the presentence report, N.T., 3/2/17, at 25, we conclude that the trial court did not abuse its discretion in imposing the instant sentence. **Ventura**, 975 A.2d at 1133. Accordingly, Appellant's claim that the trial court failed to contemplate relevant factors in considering Appellant's rehabilitative needs and imposing the sentence lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/18/2020