J-S32039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LLELAND GRANT WADE | : | |
| | : | |
| Appellant | : | No. 1660 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 3, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003478-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LLELAND GRANT WADE | : | |
| | : | |
| Appellant | : | No. 1661 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 3, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003732-2018

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:          **FILED: DECEMBER 6, 2022**

Lleland Grant Wade appeals[1] from the judgment of sentence on Docket

No. 3732-2018 entered in the Court of Common Pleas of York County,

---

[1] Wade has filed two separate notices of appeal with one docket number on each notice.  Thus, Wade has complied with the dictates of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), which held that "where a single order resolves issues arising on more than one docket, separate notices of appeal
*(Footnote Continued Next Page)*

sentencing him to consecutive terms of 20 to 40 years' incarceration for murder in the third degree,[2] 3 to 6 years' incarceration for theft by unlawful taking,[3] 20 to 40 months' incarceration for person not to possesses firearms,[4] and 30 to 60 months' incarceration for firearms not to be carried without a license.[5] After review, we affirm.

In the late-night hours of April 15-16, 2018, Wade shot and killed Aaron Wollman with a stolen 9mm Springfield handgun because he believed Wollman had sexually assaulted several of his female acquaintances. ***See generally*** Affidavit of Probable Cause, 6/19/18. On June 3, 2021, Wade entered an open guilty plea to the aforementioned charges[6] and the court ordered a pre-sentence investigation (PSI) report. N.T. Guilty Plea Hearing, 6/3/21, at 3-5, 7. Sentencing occurred on November 3, 2021.

---

must be filed for each of those cases." ***See also*** Pa.R.A.P. 341(a). We have consolidated the appeals *sua sponte* for ease of disposition. ***See*** Pa.R.A.P. 513 (consolidation of appeals). Although Wade does not discuss in his brief any issues regarding Docket No. 3478-2020, the charges are discussed here insofar as they are relevant to the appeal at Docket No. 3732-2018.

[2] 18 Pa.C.S. §2502(c).

[3] 18 Pa.C.S. §3921(a).

[4] 18 Pa.C.S. §6105(a)(1).

[5] 18 Pa C.S. §6106(a)(1).

[6] At Docket No. 3732-2018, Wade had originally been charged with murder of the first degree and criminal conspiracy to commit murder of the first degree.

At the sentencing hearing, Timothy Barker, Esquire, the assistant district attorney, stated that although the PSI indicated that Wade had a prior record score of one, Wade had been recently charged in Ohio for intent to distribute and driving under the influence (DUI), and in Mississippi for carrying a concealed weapon as a felon. N.T. Sentencing, 11/3/21, at 20, 27. Ronald Jackson, Esquire, Wade's assistant public defender, stated that the PSI highlighted that Wade has a good work history, having been employed as a turbine mechanic from 2003 to 2018, and has a steady income. *Id.* at 14.

Regarding the Buss Perry Aggression Questionnaire,[7] Attorney Barker stated,

> When we look at the Buss Perry Aggression Questionnaire, we have elevations in regard[] to the anger scale. We have, with the physical aggression scale, [Wade] endorsed extremely characteristic, the normal male average, 24.3; [Wade] was a 35. We have the hostility scale, [Wade] was somewhat characteristic. The verbal aggression scale, [Wade] was extremely characteristic.

*Id.* at 19.

---

[7] The Buss Perry Aggression Questionnaire measures physical aggression, verbal aggression, anger, and hostility. The scale employs statements, such as, "There are people who pushed me so far that we came to blows," that the respondent then, using the following five-point scale, indicates how uncharacteristic or characteristic the statement is in describing them: extremely uncharacteristic, somewhat uncharacteristic, neither uncharacteristic nor characteristic, somewhat characteristic, and extremely characteristic. *See* Buss Perry Aggression Questionnaire: https://psychology-tools.com/test/buss-perry-aggression-questionnaire (last visited on 10/31/22).

Attorney Jackson discussed the mental health evaluation and the drug and alcohol evolution. The mental health evaluation indicated that Wade has post-trauma stress disorder (PTSD), bipolar disorder, substance abuse disorder, and incarceration disorder. *Id.* at 13. Wade's PTSD apparently stems from sexual abuse at a young age. *Id.* The alcohol and drug evaluation indicated that Wade has used crystal meth since he was 14 and has also used marijuana and alcohol. *Id.* at 12.

In sentencing Wade, the trial court stated that, in addition to considering the Sentencing Guidelines, it relied upon the PSI, the Buss Perry Aggression Questionnaire, the mental health evaluation, and the drug and alcohol evaluation. *Id.* at 25. In determining Wade's rehabilitative potential, the trial court also considered Wade's conduct while incarcerated pursuant to Docket No. 2723-2018, which gave rise to charges on Docket No. 3478-2020. *Id.* at 26. Specifically, while in York County Prison, Wade orchestrated a plan wherein a female, whom he had dated, would give suboxone to a prison guard to bring into the prison for distribution. *Id.* at 24. Due to this conduct, Wade was charged with delivery of suboxone, criminal conspiracy to deliver suboxone, and possession of contraband.[8] Additionally, Wade has been written up a total of 13 times since his pre-trial incarceration began. Attorney Barker indicated that the 13th write up took place on October 27, 2021, just a

---

[8] On November 3, 2021, Wade pled guilty to possession with intent to deliver, and criminal conspiracy with intent to deliver on Docket No. 3478-2020.

- 4 -

week before sentencing, when Wade was written up for possession of a sharpened instrument, possession of an unauthorized tool, and any act that could endanger. *Id.* at 19.

Taking this conduct into consideration, the court stated:

[Wade] has had an opportunity to reflect while [he was] in York County Prison upon his drug use, yet, despite that, continues to take steps to use drugs.

***

[You are] not getting any better. [You are] not making any effort to get any better. [You are] not doing anything to adjust your behavior while at the York County Prison, and this is a deaf ear court when it comes to making statements that are absolutely unsupported by the facts that are provided to the court. []

*Id.* at 26.

Attorney Barker also discussed Wade's statements to the police for the instant case:

During the course of the statements that [Wade] had made, his initial statement he admitted, but then he came in and gave a second statement, where he said it was K.G. who executed [Victim]. [Wade] said he knew he was going to do something but denied pulling the trigger and put it square[ly] on K.G.[, who then] sat in jail on a murder charge for a crime he [did not] commit.

*Id.* at 21-22.

During sentencing, Wade addressed the court:

Your Honor, I want to apologize to the Court [] for all the unnecessary work I created and the taxpayer dollars that had to be spent due to my negligence and disregard for the law.

I know what I did was wrong. It was wrong in the eyes of God and man. I know that I must serve the punishment for the crime I committed, and [I am] okay with that because I deserve it. I took a young man's life away from him and he [did not] deserve

- 5 -

it. No matter what he did wrong, judgment [was not] mine to give.

* * *

[I am] not a violent person. [] [I have] always been a productive, hard-working American citizen. [] I just got sidetracked somewhere along the way, trying to indulge in the wrong things. [] [I have] been addicted to drugs and alcohol since I was 13, and the past three years of my life I lived in sobriety and have been able to reflect back on life and see just how much of it [I have] missed due to addiction.

* * *

To [the victim's family], I want to say [I am] sorry. [I am] truly sorry from the deepest part of my heart.

*Id.* at 16-17.

The Victim's father read the following statement, on behalf of the

Victim's brother, to the court:

[It is] because of our faith in God that we have found peace in our hearts to forgive you, Wade, for what you have done. We also know that God has put our judges and policemen there to punish the evildoers, and we firmly believe in that, but it is our prayer and hope that you find Christ wherever you may be in th[is] dark hour, and that you will be saved, because Jesus died for you on the cross like [H]e did for all of us. And we cannot afford to harbor bitterness in our hearts, even though [it is] very hard. [It is] only by God's grace that we have overcome.

*Id.* at 11-12.

Regarding the third-degree murder charge, the trial court stated:

I do agree that your behavior is such that I should be aggravating the variety of these sentences that have been recommended, and I take into consideration that you have a prior record score of one. But the seriousness of the homicide, murder in the third degree, is such that the offense gravity score is one step away from being the worst you can get. [It is] a 14[-]offense gravity score.

*Id.* at 26. Regarding the unlawful taking charge, the trial court stated:

- 6 -

[W]e take into consideration the collective behavior that you involve yourself deliberately to take all of these steps to achieve that goal. You steal a gun and say, well, I was under the influence. [That is] a lot of planning for somebody that drunk that they can shoot someone accurately repeatedly. I [do not believe [you were] as impaired as you say were. I [do not] believe for one second [you are] trying to address the problem either.

*Id.* at 27. Regarding the firearms charges, the trial court considered that although Wade had not been convicted on gun charges, it was "not [Wade's] first rodeo with a firearm." *Id.*

Wade filed a motion for reconsideration on November 15, 2021, which was denied on November 16, 2021. Wade filed a timely notice of appeal on December 16, 2021. Both Wade and the trial court have complied with Pa.R.A.P. 1925. Wade raises the following issue for our review:

Did the trial court abuse its discretion in running [Wade's] sentences on [Docket No. 3732-2018] consecutively where the actions underlying the charges form a single course of conduct and running the punishments consecutively is duplicate?

Appellant Brief, at 4.[9]

_____

[9] The Commonwealth claims that this issue has been waived because Wade's Rule 1925(b) statement cites the Docket No. 3478-2020. However, "the correct docket number[], [Docket No. 3732-2018,] was put on the caption of the Concise Statement and the lower court clearly understood [Wade's] intention regarding the issue presented" because the lower court discussed Docket No. 3732-2018 in its opinion. Appellant's Reply Brief, at 1. Additionally, "the counts that were challenged in the Concise Statement were only relevant to the correct docket number." *Id.* at 2. Because this error does not affect the substantial rights of the parties, we decline to find waiver. *See* Pa.R.C.P. 126 ("The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.").

When an appellant challenges the discretionary aspects of his sentence there is no automatic right to appeal:

> Before we reach the merits of this [issue], we must engage in a four-part analysis to determine: (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code. []

*Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa. Super. 2006); *see* 42 Pa.C.S. § 9781(b) ("Allowance of appeal may be granted at the discretion of the appellate court where is appears that there a substantial question that the sentence imposed is not appropriate under this chapter.").

Presently, Wade filed a timely notice of appeal and preserved his issues in a post-sentence motion for reconsideration. Further, Wade's brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). Thus, we must determine if Wade posed a substantial question.

There is substantial question when "the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Austin*, 66 A.3d 789, 808 (Pa. Super. 2013).

> To make it clear, a defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an

- 8 -

excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

***

We look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline's ranges, is clearly unreasonable.

***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013).

Additionally, in Pennsylvania, "the imposition of consecutive, rather than concurrent sentences may raise a substantial question *in only the most extreme circumstances*, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Commonwealth v. Lamonda***, 52 A.3d 365, 372 (Pa. Super. 2012) (emphasis added). Indeed, the question is whether "the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." ***Commonwealth v. Austin***, ***supra*** at 808 (quoting ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa. Super. 2011).

In his Rule 2119(f) statement, Wade argues that the trial court's imposition of consecutive sentences, based upon Wade's high aggression score, the victim impact report, multiple write-up incidents while incarcerated, and continued attempts to use and obtain drugs while in prison, is unduly harsh given the severity of the crime and, thus, raises a substantial question. Appellant's Brief, at 11. This argument is unavailing.

In **Commonwealth v. Sarvey**, 199 A.3d 436 (Pa. Super. 2018), this Court held that appellant's sentence of 10½-24 years' incarceration for appellant's "attempt to pass one and one-half pills to another inmate" was unduly harsh and posed a substantial question,[10] **id.** at 456, where if the sentences were to run concurrently, the sentence would have been between two to five years' incarceration. **Id.** at 456, n.12. This Court reasoned that although the offenses (PWID, possession by an inmate, and controlled substance to prison) did not merge, there was a "substantial overlap" between them, and the crimes did not involve violence against a person.

Instantly, Wade's sentences were also ordered to run consecutively. Thus, his aggregate sentence for Docket No. 3732-2018 is twenty-seven and one-sixth (27.166) years to fifty-four and one-third (54.333) years' incarceration.[11] This sentence is not unduly harsh given the gravity of the crimes. Unlike in **Sarvey**, where the crimes did not involve violence against a person, here, Wade stole a firearm from an acquaintance, possessed that firearm without a license, when he was not permitted to buy or use a firearm, and then used the firearm to murder someone. These crimes involve firearms, rather than pills, and involve violence against persons as well as the

_____

[10] This determination was made in the context of a claim of ineffectiveness of counsel and counsel's failure to appeal the discretionary aspect of appellant's sentence. **Sarvey**, **supra** at 456.

[11] If the charges were to run concurrently, Wade's sentence would be 20-40 years' incarceration.

community. Moreover, Wade does not include in his Rule 2119(f) statement what factors the trial court failed to consider.

In light of the foregoing, we find no substantial question. **Lamanda**, **supra**. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/2022