J-S20021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

REYNALDO FIGUEROA-ARDON

Appellant

:
:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 122 EDA 2023

Appeal from the Judgment of Sentence Entered November 9, 2022,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s):  CP-46-CR-0001840-2021.

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED SEPTEMBER 14, 2023**

Reynaldo Figueroa-Ardon appeals from the judgment of sentence imposed after the trial court found him guilty of multiple offenses.  Upon review, we affirm.

The trial court summarized the facts as follows:

On Wednesday, March 10, 2021, at approximately 8:00 a.m., Whitemarsh Police Officer (now Corporal), Matthew Stadulis, received a call from his in-house dispatcher. Officer Stadulis was informed that there was a suspicious male checking car doors on Mulberry Lane in Whitemarsh Township, Montgomery County. Officer Stadulis arrived on scene and observed [Ardon], wearing a green sweatshirt with orange hoodie, exiting the neighborhood of Mulberry Lane and Ridge Pike. Officer Stadulis parked and exited his patrol vehicle. Officer Stadulis approached [Ardon] and asked for his identification, which [Ardon] was unable to provide. [Ardon] was uncooperative with Officer Stadulis and appeared as if he was going to run away, so Officer Stadulis grabbed the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[Ardon's] right arm with his right hand. In response, [Ardon] pulled a handgun out of his waistband and placed it inches away from Officer Stadulis' face. [Ardon] then pulled the trigger. The hammer came back, but the gun did not fire. [Ardon] repeated this act about three (3) more times while pointing the weapon at Officer Stadulis' face. Officer Stadulis then attempted to wrest the handgun from [Ardon's] hand, causing them to fall into traffic and roll around on the eastbound lane of Ridge Pike, a four lane arterial road. Officer Stadulis repeatedly banged [Ardon's] hand along the pavement until he was finally able to dislodge the firearm. Officer Stadulis then continued to try and get control of [Ardon], but [he] continued to resist arrest. [Ardon] also attempted to repeatedly grab Officer Stadulis' gun from his gun belt. Finally, Officer Stadulis was able to flip [Ardon] face down onto the street and apply sufficient pressure that the [Ardon] stopped fighting.

Officer Stadulis maintained pressure on [Ardon] until Detective Sergeant James Cotter, Detective Stephen Kerns, and Detective Richard Zadroga arrived and were able to place [Ardon] in handcuffs.

[Ardon] was then transported to the Whitemarsh Police Station from the scene. Detectives, Stephen Kerns and Richard Zadroga, provided [Ardon] with his Miranda rights prior to asking him any questions regarding the incident. [Ardon] acknowledged his Miranda rights and waived them. During the interview, Detective Kerns asked [Ardon] a series of questions. Specifically, Detective Kerns asked [Ardon] what he did with the gun after he pulled it out, to which [Ardon] replied that "[I] tried to shoot him." Detective Kerns then asked Appellant where he tried to shoot him or where did he point the gun, to which [Ardon] replied "I pointed it at his head." Detective Kerns then asked [Ardon] did he pull the trigger and did he know if he pulled the trigger more than once, to which t[he] replied that he pulled the trigger "like three or four times." Detective Kerns then asked [Ardon] what happened after the gun did not go off to which [Ardon] replied that they were "fighting".

Detective Anthony Caso works for the Montgomery County Detective Bureau and on March 10, 2021, was informed by his Lieutenant of the arrest made in Whitemarsh Township. Detective Caso met with Detective Sergeant Cotter when he arrived at the station, who provided him with an overview of what happened. Detective Caso then reviewed the statements of Officer Stadulis and [Ardon]. Detective Caso also spoke to Detective Kerns in

order to be fully up to speed on all of the available information. Detective Caso also met with [Ardon] to see if he would be willing to do a demonstration of what occurred. Detective Caso and Detective Kerns walked [Ardon] into the interview room and showed [Ardon] the Whitemarsh Police Department's Miranda Warnings, which was the exact copy that Detective Kerns and Detective Zadroga had previously provided him.

Detective Caso and Detective Kerns then advised [Ardon] that the interview was being recorded with both sound and video. Detective Caso used a "toy gun" and had [Ardon] demonstrate how he tried to shoot Officer Stadulis, by pointing the gun "right up to his face" and pulling the trigger "like three or four times."

Trial Court Opinion, 2/1/23, at 2-4 (citations omitted).

On March 10, 2021, after waiving his *Miranda* [1] rights, Ardon provided a second videotaped confession to Detective Anthony Caso. *See id.* at 4.

Following a bench trial on August 11, 2022, the court found Ardon guilty of attempted homicide, aggravated assault, and related charges.[2]

On November 9, 2022, the trial court sentenced Ardon to an aggregate term of incarceration of 27 to 54 years. In particular, the court sentenced Ardon to 10 to 20 years' incarceration on the aggravated assault conviction. Ardon filed a post-sentence motion, which the trial court denied.

Ardon filed this timely appeal. Ardon and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Ardon raises the following two issues:

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] 18 Pa.C.S.A. § 2501, 901, and 2702(a)(2).

I. Was the imposition of a 10 to 20 year sentence for [a]ggravated [a] an illegal sentence in that the facts cited by the court supporting the charge, *i.e.* [Ardon's] striking of the officer while in the middle of Ridge Pike and attempting to escape, amounted to no more than a violation of 18 Pa.C.S. §2702(a)(3) (attempt to cause bodily injury to a police officer) for which the statutory maximum was a 5 to 10 year sentence?

II. Is [Ardon's] sentence illegal in that the lower court violated [his] 5th amendment right to remain silent by basing its sentence, in part, on [his] post-arrest silence as it stated, "He had never once came to the court and said: I did this. I was wrong. I hurt this hero and his family. I'm sorry. Those words are nowhere. And that shows to me something that's important. This lack of consciousness. Indeed, a lack of conscience. And that's scary on so many levels" and "He is a poor candidate for rehabilitation. The first step in rehabilitation is acceptance of responsibility."

Ardon's Brief at 4 (citations to transcript omitted).

In his first issue, Ardon claims that the trial court imposed an illegal sentence because "the facts . . . were insufficient to establish the crime of [a]ggravated [a]ssault (F1) under 18 Pa.C.S. § 2702(a)(2). Rather, such facts were only sufficient to establish the element of [a]ggravated [a]ssault (F2)" under 18 Pa.C.S. § 2702(a)(3) – an offense which carried a statutory maximum of 5 to 10 years['] imprisonment." Ardon's Brief at 11. Specifically, Ardon argues that the "mere striking of an officer while attempting to escape or evade arrest is insufficient to establish the requisite intent to cause serious bodily injury. . ." and only shows intent to cause bodily injury. Therefore, according to Ardon, he should be resentenced to only 5 to 10 years incarceration. Ardon's Brief at 16-17.

As the Commonwealth observes, Ardon's first issue challenges the sufficiency of the evidence regarding his aggravated assault conviction rather than the legality of his sentence.[3][4]  We agree and will review it as such.

Our scope and standard of review when considering challenges to the sufficiency of the evidence are as follows:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most

---

[3] The trial court interpreted this issue as a challenge to the weight of the evidence because Ardon raised a weight claim in his post-sentence motion. However, the court claimed that it was waived because Ardon's Rule 1925(b) did not articulate it as such and did not adequately identify his issue to enable the court to address it.  Notwithstanding this, the court addressed it as a weight claim in its Rule 1925(a) opinion.

[4] The Commonwealth contends that Ardon did not identify in his Rule 1925(b) statement which element(s) the Commonwealth failed to establish and consequently, he waived this claim.  Commonwealth's Brief at 8.  We disagree.

We acknowledge that:

> If [an] appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal.

***Commonwealth v. Williams***, 959 A.2d 1252, 1257 (Pa. Super. 2008).  Here, however, Ardon claims that the evidence only supported a finding that he was guilty of attempting to cause bodily injury.  The primary difference between the two statutes is bodily injury as opposed to serious bodily injury. Consequently, we conclude that this claim sufficiently identifies the element he believes was not satisfied.  Thus, we decline to find waiver.

favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

***Commonwealth v. Williams***, 176 A.3d 298, 305–06 (Pa. Super. 2017) (citations and quotation marks omitted).

Under 18 Pa. C.S.A. § 2702(a)(2), a person is guilty of aggravated assault if he "attempts to cause or intentionally, knowingly or recklessly causes **serious bodily injury** to any of the officers, agents, employees or other persons enumerated in subsection (c) or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty." 18 Pa. C.S.A. § 2702(a)(2) (emphasis added). Serious bodily injury is "[b]odily injury which creates a substantial risk of death or which causes serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. To sustain a conviction for aggravated assault, the Commonwealth need not show that serious bodily injury actually occurred, but only that the defendant attempted to cause serious bodily injury to another person. ***Commonwealth v. Galindes***, 786 A.2d 1004, 1012 (Pa. Super. 2001). An "attempt" exists when "the accused intentionally acts in a manner which constitutes a substantial or significant step toward perpetuating serious bodily

injury upon another." ***Id.*** (citation and quotation omitted). Under 18 Pa.C.S.A. 2702(a)(3), a person is guilty of aggravated assault if he "attempts to cause or intentionally or knowingly causes ***bodily injury*** to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty." 18 Pa.C.S.A. § 2702(a)(3) (emphasis added).

Here, the evidence showed that, during his struggle with Officer Stadulis, Ardon repeatedly attempted to grab the officer's handgun. This occurred after Ardon had already tried to shoot Officer Stadulis in the head. This is sufficient to establish that Ardon intended to cause serious bodily injury. ***See Commonwealth v. Stevenson***, 894 A.2d 759, 774 (Pa. Super. 2006), *overruled on other grounds by* ***Commonwealth v. Hicks***, 208 A.3d 916 (Pa. 2019) (stating that by attempting to take hold of the officer's handgun during the arrest struggle, the defendant took a significant and substantial step towards inflicting serious bodily injuries upon the officers).

Ardon also engaged in a fight with Officer Stadulis in the middle of a road with heavy vehicular traffic while trying to wrestle his gun from him. From this, the trial court could reasonably infer that Ardon engaged in such conduct so as to attempt to cause or intentionally cause serious bodily injury to Officer Stadulis. Ardon's conduct constituted much more than the mere striking of an officer while attempting to escape or evade arrest.

Thus, viewing the evidence in the light most favorable to the Commonwealth, we conclude that there was sufficient evidence to sustain

Ardon's conviction for aggravated assault under Section 2702(a)(2), serious bodily injury.

In his second issue, Ardon claims that the trial court imposed an illegal sentence because the court violated Ardon's Fifth Amendment right to remain silent before sentencing. Specifically, he claims that the court improperly considered his failure to accept responsibility for his conduct, *i.e.*, an impermissible factor to rely on when sentencing a defendant. Ardon therefore maintains that his sentence should be vacated, and this matter remanded for resentencing. Ardon's Brief at 13, 17.

Ardon again misconstrues his issue as one involving the legality of his sentence. Although Ardon argues that his sentence is inappropriate based on constitutional grounds, the factors considered by a court to fashion a sentence pertain to the discretionary aspects of sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, Ardon timely filed his appeal. However, Ardon did not preserve his issue as required under *Colon*. Although Ardon filed a post-sentence motion challenging the discretionary aspects of his sentence, he did not claim that the trial court relied on an impermissible factor when it sentenced him. Instead, Ardon claimed that the sentence was excessive and did not fully account for his mitigating factors, which he does not raise on appeal. "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"). Consequently, Ardon waived his sentencing claim, and we will not consider it.

Judgment of sentence affirmed.
*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: 9/14/2023

- 9 -