J-S39011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN RAY DRESSLER, JR. | : | |
| | : | |
| Appellant | : | No. 324 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 19, 2022
In the Court of Common Pleas of Snyder County Criminal Division at
No(s):  CP-55-CR-0000137-2020

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                **FILED DECEMBER 26, 2023**

Appellant, Steven Ray Dressler, Jr., appeals from the September 19, 2022 Judgment of Sentence entered in the Snyder County Court of Common Pleas following his jury conviction of two counts of Robbery and one count each of Person Not to Possess a Firearm, Terroristic Threats, Retail Theft, Simple Assault, and Possessing an Instrument of Crime.  Appellant challenges the sufficiency and weight of the evidence, the denial of his request for a continuance, an evidentiary ruling, and the discretionary aspects of his sentence.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On September 4, 2020, the Commonwealth charged Appellant with the above offenses following the November 12, 2019 armed robbery of a frozen Tombstone pizza from a Dollar General store in Port Trevorton, Snyder County.  The cashier at the store, Brittan Barge, identified Appellant as the perpetrator of the robbery.

Appellant's jury trial commenced on September 9, 2022. At the beginning of trial, Appellant sought to preclude the admission of evidence of Appellant's prior bad acts, namely his prior conviction of felony Escape, on the grounds that the Commonwealth failed to provide Appellant with adequate specific notice of its intent to introduce this evidence. N.T. Trial, 9/8/22, at 7. The court, finding that "there was sufficient notice provided in advance of trial since it was right in the complaint and affidavit," overruled Appellant's objection to the admission of this evidence. *Id.* at 8. Appellant's counsel then stipulated that "my client did have an offense that precluded him from carrying a firearm." *Id.* As a result, the court notified the parties that it intended to instruct the jury that "the parties have stipulated that the Defendant is a person not to possess, use, or control a firearm." *Id.* at 8-9. Both counsel agreed that this instruction accurately reflected their stipulation.

Following the jury's consideration of testimony offered by Commonwealth witnesses Ms. Barge; Nina Haines, the manager of Dollar General; Pennsylvania State Police Trooper Brian Smyers; and Tankia Vallati, Appellant's former paramour, the jury convicted Appellant of the above offenses. The court deferred sentencing pending preparation of a presentence investigation ("PSI") report.

On September 19, 2022, the trial court sentenced Appellant to an aggregate term of 14 ½ to 32 years of incarceration. The court indicated that, in fashioning Appellant's sentence it considered, *inter alia*: (1) the PSI report, which reflected Appellant's numerous prior felony convictions; (2) Appellant's

- 2 -

lack of acceptance of responsibility; and (3) Appellant's "continuous pattern of criminal behavior of just about every section of the Crimes Code." N.T. Sentencing Hr'g, 9/19/22, at 6-7.

Appellant filed a timely post-sentence motion in which he challenged, *inter alia*, the weight of the evidence and the discretionary aspects of his sentence. The trial court took no action on Appellant's motion and, on February 6, 2023, the lower court clerk entered an order denying it by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c).

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[1]

Appellant raises the following five issue for our review:

1. Was the verdict against the weight of the evidence?
2. Was the evidence insufficient to convict?
3. Should the [c]ourt have permitted a continuance?
4. Did the Commonwealth violate Pa.R.E. 404(b)(2)?
5. Was the sentence excessive?

Appellant's Brief at 6.

---

[1] In its June 23, 2023 Pa.R.A.P. 1925(a) Opinion, the trial court observed that Appellant had failed to request the preparation of any transcripts in this matter rendering it unable to review the underlying proceedings, and urged this Court to quash Appellant's appeal for that reason. Subsequently, on June 30, 2023, and August 18, 2023, Appellant filed requests for transcripts of his trial and sentencing hearings, and we have had the benefit of reviewing them for purposes of deciding this appeal. Thus, we decline the trial court's suggestion that we quash this appeal.

**A.**

In his first issue, Appellant purports to challenge the weight the jury gave to the Commonwealth's evidence. *Id.* at 10-11. However, our review of this issue indicates that Appellant has, in fact, challenged the sufficiency of the evidence in support of his convictions. *Id.* (where appellant argues, *inter alia*, that "Commonwealth failed to establish necessary elements in several different charges").

"[S]ufficiency and weight claims are clearly distinct." ***Commonwealth v. Spence***, 290 A.3d 301, 310 (Pa. Super. 2023) (citing ***Commonwealth v. Widmer***, 744 A.2d 745 (Pa. 2000) (discussing the distinctions between a claim challenging the sufficiency of the evidence and a claim the verdict is against the weight of the evidence.). "A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Id.* (citation omitted).

Appellant has not presented a proper weight of the evidence claim. Moreover, to the extent that Appellant has raised a sufficiency of the evidence claim, it is woefully undeveloped. Appellant has cited only to boilerplate authority, has failed to set forth the elements of each of the crimes he alleges the Commonwealth failed to prove, and does not cite to or analyze any controlling authority in support of his particular claims. Appellant's failure to develop his issues have hampered this Court's ability to conduct meaningful appellate review. We, thus, conclude that Appellant has waived his sufficiency of evidence claims by failing to develop them in his appellate Brief. ***See***, ***e.g.***,

***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009) (concluding claim of insufficient evidence for multiple convictions was waived because it was, *inter alia*, underdeveloped, and the appellant failed to argue which specific element of the crime was not met); ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted) (where "defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").[2]

**B.**

In his next issue, Appellant claims that the trial court erred in denying Appellant's request for delay. Appellant's Brief at 13-14. Appellant has not identified the date he allegedly requested the delay or which proceeding he sought to delay. He argues that only he would have suffered from a delay and that the trial court's alleged desire to "keep the docket moving [was] arguable." ***Id.*** at 14.

Appellant has not developed any argument in support of this claim. Appellant has again cited only to boilerplate authority and failed to cite or discuss any controlling authority. Moreover, and critically, although Appellant did provide this Court with one citation to the record, the pages of the Notes of Testimony cited to pertain to Appellant's request that the court permit two

---

[2] In his second issue, Appellant raises a separate, yet equally undeveloped, sufficiency of the evidence claim. Appellant's Brief at 12. Appellant again cited only to boilerplate authority, failed to set forth the elements of the crimes of which he was convicted, and did not cite to or analyze any controlling authority in support of this claim. We, therefore, also find Appellant's second issue waived.

witnesses to testify by alternate communication technology and not to any request to delay or continue the proceedings.[3]  N.T. Trial at 4-6.  It is, therefore, entirely unclear to this Court which ruling Appellant seeks to challenge and we decline to "scour the record to find evidence to support [his] argument[.]"  **Milby v. Pote**, 189 A.3d 1065, 1079 (Pa. Super. 2018).  Appellant's failure to develop this argument has precluded our ability to conduct meaningful appellate review.  This issue is, thus, waived.

## C.

In his fourth issue, Appellant complains that the Commonwealth violated Pa.R.E. 404(b), which Appellant asserts was recently modified, by failing to "follow the new custom" to provide him with specific written notice of its "wish[] to override the rule" precluding the use of prior bad acts.  Appellant's Brief at 14-15.

We are constrained to find that Appellant has waived this issue by failing to provide this Court with the language of Rule 404(b), and the modification thereto, and any citation to and discussion of authority in support of his claim.  Furthermore, to the extent that Appellant contends that the trial court should have excluded evidence of his prior felony conviction of an offense that rendered it illegal for him to possess a firearm, we observe that, following argument on this issue, Appellant's counsel stipulated to the conviction.  **See** N.T. Trial at 8.  This claim, thus, fails.

---

[3]  The trial court granted Appellant's motion to permit electronic communication.  N.T. Trial at 6.

**D.**

In his final issue, Appellant asserts that the trial court imposed an excessive sentence. Appellant's Brief at 15-17. Appellant argues that "[t]he theft of a pizza under $5.00 could, in certain interpretations, be viewed as minimal," and, notwithstanding his admittedly "checkered" prior record and "challenging circumstances," because the "victim [was] so unaffected, the middle ground should be explored." *Id.* at 16. He, therefore, urges this Court to exercise its authority to deem his "violations *de minimis*." *Id.*

As with Appellant's other issues, this one is similarly undeveloped. First, Appellant has not articulated how the trial court abused its discretion in imposing his sentence; rather, as noted above, he has simply suggested that this Court should deem his crimes *de minimis*. Moreover, and critically, although Appellant has suggested that this Court has the authority to treat convictions as *de minimis* and to reconsider a defendant's sentence as a result, Appellant has not cited to any controlling authority in which this Court has explained what types of violations are *de minimis* or has exercised its authority in the way suggested by Appellant. Appellant's failure to apply the facts of this case to any controlling authority has precluded our ability to conduct meaningful appellate review of this issue. It is, therefore, waived.[4]

---

[4] Even if it were not waived, we would conclude that, Appellant's bald claim of excessiveness does not raise a substantial question for our review. *See* *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006) (an appellant must support his assertions that his sentence is excessive by
*(Footnote Continued Next Page)*

Judgment of Sentence affirmed.

Judge McCaffery joins the memorandum.

Judge McLaughlin concurs in result.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/26/2023

---

articulating the way in which the court's actions violated the sentencing code).
As noted above, Appellant has not articulated how the court's actions violated
the sentencing code.